## WASHINGTON v. THE STATE.

ATKINSON, J.—No error of law having been committed, and the verdict being supported by the evidence, this court will not interfere with the discretion of the trial judge in refusing a new trial.

December 21, 1894.        *Judgment affirmed.*

Indictment for robbery. Before Judge HARRIS. Carroll superior court. April term, 1894.

W. D. HAMRICK and S. HOLDERNESS, for plaintiff in error. T. A. ATKINSON, solicitor-general, *contra.*

---

## BURBAGE v. THE AMERICAN NATIONAL BANK.

| 95b 503 |
| 96 770 |

BLECKLEY, C. J.—When one and his family are temporarily absent from the city and county of his permanent residence, by reason of the prevalence of an epidemic, he is still subject to suit by ordinary action in the superior court of that county, and service of process upon him may be effected by leaving a copy of the same at his residence during such absence.  *Judgment affirmed.*

October 22, 1894.

Traverse of sheriff's return. Before Judge SWEAT. Glynn superior court. December term, 1893.

Burbage was residing at Brunswick with his family prior to the breaking out of an epidemic of yellow fever there in the summer and fall of 1893, in a house that was then, and for ten years had been, his permanent home and residence. On August 12, 1893, he refugeed with his family to a point outside of Glynn county, and was away from said county with his family on November 17, 1893, the date of service of this suit, which was made by leaving a copy of the suit at the residence first mentioned. He left his residence with the full intention of returning to it as soon as the epidemic was over, and only on account of the epidemic, and with no intention of remaining away permanently. He did return to said residence with his family on December 3,

1893, as soon as the epidemic was over, where he has since resided, and which is now his permanent residence. He had a temporary residence in Atlanta, Ga., while absent as before mentioned, and during his absence his home in Brunswick was occasionally visited by his hired servant to whose care he committed it when he refugeed. The issue made by the traverse of the return of service was submitted to the judge on the foregoing facts. He sustained the return of service, and Burbage excepted.

GOODYEAR & KAY and CROVATT & WHITFIELD, for plaintiff in error. OWENS JOHNSON, *contra*.

SAVANNAH, FLORIDA & WESTERN RWY. CO. *v.* McMILLAN.

BLECKLEY, C. J.—A decision in a justice's court, made by the presiding justice, to the effect that the plaintiff's evidence is insufficient to uphold the action, though the judgment be one dismissing the suit, is an adjudication upon the merits as to the matter of fact involved in the trial; and the plaintiff is entitled, by virtue of §4157(a) of the code, to appeal to a jury in that court from the judgment so rendered. There was no error in refusing to sanction the petition for *certiorari*.                    *Judgment affirmed.*
October 22, 1894.

Petition for *certiorari*. Before Judge SWEAT. Pierce county. May 8, 1894.

McMillan sued the railway company for damages for killing his cow. After plaintiff closed his evidence, the suit was dismissed by the magistrate, upon the ground that the plaintiff failed to prove the killing of the property. Thereupon plaintiff appealed to a jury. Upon the appeal trial defendant moved to dismiss the appeal, upon the ground that an appeal will not lie to review errors of law committed by a justice's court. This motion was overruled, and plaintiff obtained a verdict. Defendant presented its petition for *certiorari*, alleging error in the refusal to dismiss the appeal. Sanction of the petition was refused, and defendant excepted.