## ORR *v.* CHATTOOGA COUNTY BANK.

Suit was brought against two defendants. An entry, signed with the name of the deputy sheriff, recited service on one of the defendants by leaving a copy at his most notorious place of abode, and was dated February 22, 1913. Judgment was rendered against both defendants on September 9th thereafter. A levy was made, on October 27th, 1914, upon the property of the defendant as to whom the entry of service appeared. He interposed an affidavit of illegality, dated November 2, 1914, in which he alleged that he had never had his day in court, had never been served with any process or other notice of the pendency of the suit, and did not waive service or appear and defend the suit; and further "that the pretended entry of service was never made nor authorized by the officer whose name appears as having made the same." A demurrer to the affidavit of illegality was filed, on the grounds that it disclosed a return of service by an officer, and the proper method of setting aside a return was by a traverse of such return; and that, as a traverse of the officer's return, the affidavit of illegality was defective in that the officer making the return had not been made a party thereto. At the next term of court, to which the affidavit of illegality was returnable, the deputy sheriff, whose name appeared as attached to the entry of service, was made a party and directed to plead. An amendment was offered, which alleged that the affiant had no notice that an entry of service had been made until after the previous fall term of court, and about the time of the levy of the execution, and did not know that the deputy sheriff would deny making the entry until about the time of the levy, or that he could disprove such entry by the deputy sheriff, until the day when the illegality was filed. It was also alleged that the affiant had a good defense to the action, and that the judgment for attorney's fees, rendered by the court without a jury and without proof of notice as required by the statute, was void. The court disallowed the amendment, except so far as it related to attorney's fees, and directed that they be written off as to the affiant. He then dismissed the affidavit as a whole. The bill of exceptions recites that the affidavit of illegality and the amendment thereto were dismissed upon demurrer and an oral motion, on the ground that "the same was not filed in time." The judgment in the record sets out that upon hearing the demurrer the affidavit of illegality was dismissed. *Held,* that this was error.

MAY 16, 1916.

Illegality of execution. Before Judge Wright. Chattooga superior court. March 9, 1915.

An execution in favor of the Chattooga County Bank against M. W. Wimpee and W. B. Orr was levied on two mules as the property of Orr. He filed an affidavit of illegality. It denied service, waiver, or appearance and pleading by the affiant, and alleged that "the pretended entry of service was never made or

authorized by the officer whose name appears as having made the same." A demurrer was filed on the grounds, (*a*) that the affidavit of illegality disclosed a return of service by an officer, and the proper method of setting aside such return was by a traverse; and (*b*) because, as a traverse of the return, the affidavit of illegality was defective in that the officer making the return had not been made a party thereto. By amendment the deputy sheriff, whose name appeared to be signed to the return, was made a party and ordered to be served and to appear and plead. The entry of service on the defendant, Orr, was by leaving a copy at his most notorious place of abode. It was dated February 22, 1913. The suit was in Chattooga superior court. The judgment was rendered on September 9, 1913. After a levy (made on October 27, 1914) the affidavit of illegality was interposed, dated November 2, 1914. At the March, 1915, term of court the case came on for a hearing. The defendant Orr offered an amendment to his affidavit of illegality, in substance as follows: He had no notice that an entry of service had been made until in the fall of 1915 (evidently meaning 1914), after the September term of court, and about the time of the levy of the execution, and did not know that the deputy sheriff would deny making the entry until about the day of the levy, and only on the day of the filing of the original illegality did he learn that he could disprove the entry by the deputy sheriff. He had a good defense to the suit. He was only an accommodation surety on the note sued on, and received none of the benefits of it, and would have pleaded and proved this had he had an opportunity to do so. He had no notice that the suit would be brought on the note, and that a judgment for attorney's fees would be taken, and would have pleaded and proved this had he had his day in court. The judgment for attorney's fees is void, for the reason that there was no proof to sustain the judgment; and if the plaintiff was entitled to any judgment it was necessary to prove such legal notice as would authorize a verdict for attorney's fees. This amendment was disallowed, except in so far as it related to attorney's fees, which were directed to be written off as to the affiant. A judgment was entered which began, "Upon hearing the demurrer filed to the affidavit of illegality," and adjudged that, upon the plaintiff's writing off attorney's fees as to the defendant Orr, the affidavit

of illegality be dismissed. The bill of exceptions recited that the court sustained a demurrer and an oral motion to dismiss the affidavit of illegality and the amendment, on the ground that "the same was not filed in time." The defendant excepted.

*Wesley Shropshire,* for plaintiff in error.

*John D. & E. S. Taylor,* contra.

LUMPKIN, J. (After stating the foregoing facts.) By the Civil Code (1910), § 5311, it is declared: "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he can not go behind the judgment by an affidavit of illegality." And by section 5566 it is declared: "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return." The first of these sections deals with the service or waiver of it. The second with the entry of the officer, which is the official evidence of his act. An affidavit of illegality may set up a want of service or waiver thereof, without any reference to the entry. If this is done, when the issue comes up for trial, the entry of the sheriff, or other proper officer, untraversed, furnishes conclusive evidence of service. To get rid of such conclusive effect, the entry made by the serving officer must be traversed, and the issue formed must be found in favor of the traverse. This puts the official entry as a conclusive witness out of the way. If it appears from the illegality that there is an entry of service by the proper officer, it must be duly attacked, or the affidavit of illegality will be dismissed. A traverse of a return of service and an affidavit of illegality may be filed separately, each being sufficient in itself and not on its face demurrable. It has been held permissible to include in an affidavit of illegality a traverse of a return of service, made in the time provided by the statute. The officer whose return is attacked must be made a party; but it has been held that this can be done later by amendment. *Dozier v. Lamb, 59 Ga.* 461; *O'Bryan v. Calhoun, 68 Ga.* 215; *Stone v. Richardson, 76 Ga.* 97.

The rules as to filing a traverse deal with "the entry of the sheriff or any officer of the court or his deputy." Civil Code

(1910), § 5566. The holding that the entry of service by the officer is conclusive is based on the idea that it is the act of a sworn officer whose acts will be given credit, and that, unless a traverse is made in due time and manner, the injured party is left to an action against the officer for a false return. But suppose that what purports to be an entry of service by a sheriff was never made or authorized by him, but was a bald forgery, of which he had no notice, how could he be held liable for a false entry? Would such an entry be conclusive on the litigant, who would be told that he could not set up this fact, but that he must sue the sheriff for a false return, and yet, when he does so, be met with proof that the officer never made it, or authorized it to be made? There is nothing in the decision in *Dozier* v. *Lamb,* 59 *Ga.* supra, which so holds. In the opinion Bleckley, J., said: "We are speaking, of course, of returns where there is no defect in the jurisdiction of the court, or in the legal authority of the returning officer. . . He takes the risk of encountering a return of service. Such return, if any, and if not shown to be invalid for want of jurisdiction in the court, or for want of authority in the officer who made it, will, as evidence of service, be absolutely conclusive. . . While an affidavit of illegality need not refer to any return of service, though a return exist and be known to the defendant, yet, if it should needlessly disclose the fact that there is a return, the affidavit should either go on and traverse it, or allege want of jurisdiction in the court, or some other fact showing a traverse to be unnecessary." It is clear that the entry of service there discussed as conclusive was one made by an authorized officer, not one made by some person wholly unauthorized by law or by the officer. Of course, a defendant may waive service or estop himself from attacking an entry so made.

In the case at bar the original affidavit of illegality contained the following statement: "Affiant further says that the pretended entry of service was never made or authorized by the officer whose name appears as having made the same." This was a denial that there was any entry of service made by the officer whose name purported to be signed to the "pretended entry." Service, waiver, and appearance were also denied. If this attack on such an entry, not merely as an entry by a lawful officer, but as a fictitious entry not made or authorized by an officer at all, should

be classified as a traverse, the allegations were sufficient to raise the question; and the officer whose name appears to be signed to such entry was made a party by amendment. Construing the allegations of the original affidavit together with those of the proposed amendment, to the effect that the affiant had no notice of such entry until about the time of the levy, after the preceding September term of court, this was sufficient to meet the requirement of the Civil Code (1910), § 5566, as to the time when the point was raised.

It was urged in the brief of counsel for the defendant in error that no affidavit was made that the grounds stated in the amendment proposed to the affidavit of illegality were not known when the original affidavit of illegality was filed. But the allegations touching the entry of service did not in fact constitute a new ground, but an amplification of the former allegation; and as to the attorney's fees, the court sustained the ground. So that no such point appears to have been made or passed upon by the trial court.

In the brief of counsel for the defendant in error are certain statements of facts not shown in the record. This is not proper, and such statements will not be considered in deciding the case.

There was no contention that the sheriff should be made a party, along with the deputy, in such case; and we do not consider any such question. The allegation in the proposed amendment that the affiant had a defense to the action was not discussed here, and need not be dealt with by us.

*Judgment reversed. All the Justices concur.*