## 12190.  ELLIS *v.* SOUTHERN EXPRESS COMPANY.

The judge of the municipal court of Macon did not err in directing a verdict for the defendant; nor did the judge of the superior court err in overruling the certiorari.

(*a*) "A private business corporation created under the laws of this State, with its principal office in a given county, can not be sued in another county for a trespass committed therein, when it has no agent, agency, or place of business in the latter county."

(*b*) There is no evidence from which the jury could have determined that at the time of the alleged service the Southern Express Company had an agent or an agency or was transacting business in Bibb county, and the court did not err "in directing a verdict for the defendant sustaining the traverse to the return of the sheriff alleging want of service, and likewise in directing a verdict sustaining the plea in abatement."

(*c*) In this State service can not be perfected on a domestic corporation by serving an agent of a foreign corporation, which foreign corporation is alleged to be the agent of the domestic corporation.

(*d*) The court did not err in its rulings relative to the documentary evidence which the plaintiff sought to introduce in evidence.

DECIDED DECEMBER 13, 1921.

Certiorari; from Bibb superior court — Judge Mathews. January 18, 1921.

*B. J. Fowler,* for plaintiff.

*Jones, Park & Johnston,* for defendant.

BLOODWORTH, J.  In December, 1919, a petition was filed in the municipal court of the city of Macon by William Lee Ellis against the Southern Express Company for an alleged breach of contract of carriage, in its failure to transport from Macon, Georgia and deliver at Louisville, Kentucky, a certain trunk and its contents. The petition alleged, in part, "that the American Railway Express Company, a corporation incorporated under the laws of Delaware, is the agent of. the defendant. It has an office, agency, and an agent in the city of Macon, Bibb county, Georgia."

The record shows that on July 1, 1918, the American Railway Express Company succeeded the Southern Express Company in its business. The only witnesses who testified were both agents of the American Railway Express Company, one of them being the agent upon whom service was alleged to have been made. Both of these witnesses testified in substance that on the date of the service, as shown by the return of the sheriff, they were in the employ of the American Railway Express Company; that prior to the summer of 1918 they had been employed in this same capacity by the Southern Express Company; that they had not been employed by the Southern Express Company since that time and were not agents of the Southern Express Company, and that on the date on which the alleged service was made the American Railway Express Company was performing no duties within the jurisdiction of the court as agent for the Southern Express Company, and that the Southern Express Company maintained no office, owned no property, employed no agent, and transacted no business in Bibb county, Georgia, after July 1, 1918. The defendant had been notified to produce certain contracts and agreements which, in the summer of 1918, it entered into with the American Railway Express Company, or rather with Walker D. Hines as director-general, and it declined to do so, on the ground that the papers called for were irrelevant and immaterial. Copies of the papers are incorporated in the record. It is provided in them that in the event it is desired, the American Railway Express Company shall perform certain duties for the Southern Express Company, particularly with reference to money-order business. Viewed most strongly in favor of the plaintiff, these papers could not possibly have shown anything more than that the American Railway Express Company was under contract to perform certain duties for the Southern Express Company in the event the Southern Express Company so desired. There was no evidence that any such duties were being performed which would contradict the sworn testimony of the two witnesses.

The case presents three questions: (1) Can a domestic corporation be sued in a county other than the county of its residence, where the uncontradicted evidence shows that it is not transacting business there, has no office there, and employs no

agents there? (2) Was there any evidence from which the jury could have determined that the Southern Express Company was transacting business within the jurisdiction of the trial court? (3) Conceding, for the sake of the argument, that the American Express Company was for certain limited purposes acting as agent for the Southern Express Company, is it possible, under the law, to obtain service upon a domestic corporation by serving a foreign corporation as agent? The first question is answered by the code: "Any corporation, mining, or joint-stock company, chartered by authority of this State, may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or, if there be no agent in the county, then at the agency or place of business." Park's Ann. Code, § 2259. "A private business corporation created under the laws of this State, with its principal office in a given county, can not be sued in another county for a trespass committed therein, when it has no agent, agency, or place of business in the latter county." *Tuggle* v. *Enterprise Lumber Co.*, 123 *Ga.* 480 (51 S. E. 433). The Southern Express Company is a domestic corporation organized and existing under the laws of the State of Georgia, with its principal office and place of business fixed in Richmond county. If the test which we apply to the question of jurisdiction is the correct one, it is equally certain that the second question should be answered in the negative. The documentary evidence which the defendant was called upon to produce could not possibly have shown that the Southern Express Company was actually transacting business in the city of Macon, either in its own name or through the American Railway Express Company as agent, but at most it could have shown only that the American Railway Express Company was under contract to perform certain duties for the Southern Express Company in the event the Southern Express Company desired.

When it is provided by law that in certain cases a corporation might be sued in a certain county "if it has an office and trans-

acts business there," it is essential to the jurisdiction of the courts of that county that the corporation be actually transacting business within that county. This has been emphatically declared by the Supreme Court in the case of a rendition of a personal judgment against a foreign corporation, and the two cases are strikingly analogous. " Section 2258 of the Civil Code provides that service of process necessary to the commencement of ' any suit against any corporation in any court,' with certain exceptions which are not material to this decision, ' may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced.' It is now well settled that a corporation can be found in any jurisdiction where it carries on business through agents resident or located therein; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method of perfecting service upon its agents. 12 R. C. L. 108. It is equally well recognized that a valid personal judgment can not be obtained against a foreign corporation, save upon voluntary appearance by it, unless the corporation is ' doing business ' within the State. ' It has been frequently held by this court, and it can be no longer doubted, that it is essential to the rendition of a personal judgment that the corporation be " doing business " within the State.' We are clearly of the opinion that our statute makes it necessary that the foreign corporation be ' doing business ' in this State, before a valid personal judgment can be rendered against it in an action commenced by the service of process upon its agent located or resident within the State." *Vicksburg, Shreveport & Pacific Ry.* v. *DeBow,* 148 *Ga.* 738, 742 (98 S. E. 381).

Under our conception of the law, it is not necessary to an affirmance of the judgment in this case that the third question be considered, but the plaintiff in error has seriously contended that he can serve a domestic corporation by serving a foreign corporation as agent, by serving the agent of such foreign corporation. We would see some shadow of an argument in support of this contention if the principal were a foreign corporation and the agent a domestic corporation, though even this does not seem

to be supported by statute. At common law all service had to be personal. By statute in Georgia the harshness of this rule has been relaxed so that service might now be had upon a defendant by leaving a copy of the petition and process at the defendant's residence. Park's Ann. Code, § 5563. But unless resident service is expressly provided for by statute, personal service is necessary. *Baldwin* v. *Baldwin,* 116 *Ga.* 471, 472 (42 S. E. 727) ; *Hobby* v. *Bunch,* 83 *Ga.* 1 (5), 10 (10 S. E. 113, 20 Am. St. R. 301). Corporations being creatures of statute, the mode of service upon corporations must necessarily be as prescribed by statute. Originally a corporation could be served only by leaving a copy of the petition and process at the office and place of doing business of the corporation. Later it was provided that service upon an officer or agent of the corporation would be sufficient. Park's Ann. Code, § 2258. But in construing this section the Supreme Court has rigidly adhered to the ruling that service on the agent must be personal service and that resident service is not sufficient. *Stuart Lumber Co.* v. *Perry,* 117 *Ga.* 888 (45 S. E. 251) ; *Anderson* v. *Albany & Northern R. Co.,* 123 *Ga.* 318 (51 S. E. 342). In this case the corporation is not served by personal service on an agent, but by service upon an agent of an agent. To serve the Southern Express Company by handing a copy of the petition and process to J. N. White, an agent of the American Railway Express Company, as agent in turn for the Southern Express Company, is tantamount to serving a corporation by resident service on an agent. This the courts do not permit.

In our opinion the brief of counsel for the defendant in error completely, clearly, and accurately covers the issues raised in this case, and much of the foregoing opinion is in the language of the brief.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*