19012. GRADING, INC. *v.* COOK *et al.*
19013. COOK *v.* GRADING, INC., *et al.*

ARGUED JULY 12, 1955—DECIDED JULY 13, 1955.

750

*L. Jack Swertfeger, Jr., McCurdy & Candler, J. Robin Harris,* for Grading, Inc.

*W. George Thomas, Bruce B. Edwards, Joe R. Edwards,* contra.

MOBLEY, Justice. "An equitable petition does not lie to enjoin proceedings under a levy when the defendant in execution has a complete and adequate remedy by illegality." *Hitchcock* v. *Culver,* 107 *Ga.* 184 (2) (33 S. E. 35); *Chadwick* v. *Dolinoff,* 207 *Ga.* 702 (2) (64 S. E. 2d 76). "Whether an action is one at law or in equity is determined by the allegations of the petition and

the nature of the relief prayed, and not by the designation given to the action by the pleader." *Taylor Lumber Co.* v. *Clark Lumber Co.*, 159 *Ga.* 393 (125 S. E. 844) ; *Griffin* v. *Securities Investment Co.*, 181 *Ga.* 455 (2) (182 S. E. 594) ; *Humber* v. *Garrard*, 205 *Ga.* 357, 361 (53 S. E. 2d 748).

By Code § 39-1009 it is declared: "If the defendant shall not have been served and does not appear, he may take advantage of the defect by affidavit of illegality; but if he shall have had his day in court, he may not go behind the judgment by an affidavit of illegality." Code § 81-214 provides: "The entry of the sheriff or any officer of the court, or his deputy may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return."

Under a proper construction, the pleading in the present case is an affidavit of illegality, which, as held permissible in *Orr* v. *Chattooga County Bank*, 145 *Ga.* 248, 250 (88 S. E. 978), included a traverse of the return of service, and the prayer that the plaintiff and the sheriff and the person who made the entry of service be enjoined until a disposition was made of the traverse, was surplusage, and did not have the effect of converting the case at law into an equitable proceeding. Compare *Loftin* v. *Carroll County Board of Education*, 195 *Ga.* 689 (2) (25 S. E. 2d 293).

Accordingly, the action being one at law, and the defendant's traverse being purely defensive, the sustaining of which would result in setting aside the default judgment, the case is not an "equity case" within the meaning of the constitutional provision relating to the jurisdiction of this court. *Equitable Life Assurance Society* v. *Bischoff*, 179 *Ga.* 255 (175 S. E. 560) ; *Alderman* v. *Crenshaw*, 208 *Ga.* 71 (3) (65 S. E. 2d 178). It follows that the Court of Appeals, and not the Supreme Court, has jurisdiction of the writs of error in the instant cases.

The defendant was not seeking an interlocutory injunction to restrain enforcement of an execution which had not been levied on any of its property, as to which see *Georgia Ry. &c. Co.* v. *Head*, 150 *Ga.* 177 (103 S. E. 158).

*Transferred to the Court of Appeals. All the Justices concur.*