35872, 35873.  GRADING, INC. *v.* COOK *et al.;* and *vice versa.*

DECIDED OCTOBER 26, 1955—REHEARING DENIED NOVEMBER 29, 1955.

L. *Jack Swertfeger, Jr., McCurdy & Candler, J. Robin Harris,* for plaintiff in error.

*W. George Thomas, Bruce B. Edwards, Joe R. Edwards,* contra.

NICHOLS, J. Code § 22-1101 provides two methods by which service may be obtained on a corporation doing business in Georgia: (1) by serving any officer or agent of the corporation, and (2) by leaving a copy of process at the office and place of doing business of the corporation. This section further provides that the officer who perfects the service shall specify the mode of service in his return.

The return of service in the present case reads as follows: "Georgia, DeKalb County: Served the defendant Grading, Inc., a corporation by serving C. C. Pettett, engineer, by leaving a copy of the within writ and process with him personally at the office and place of doing business of said corporation, in DeKalb County, Georgia. This June 28, 1954 [signed] Emory C. Young, Deputy Sheriff."

The contention of the defendant corporation is that the deputy sheriff attempted to serve the corporation under the first method enumerated above and that if this service was not good then there would be no service on it, since the Supreme Court held in *Wood* v. *Callaway,* 119 *Ga.* 801 (47 S. E. 178) that where the return of the sheriff showed that the service was meant to be personal service on an individual that "It is wholly immaterial that there may have been good service upon the defendant by leaving a copy of the summons at his residence." In that case the return of service stated that the defendant was served personally. In the present case, which involved a corporation, where there was no attempt made to serve an *officer or agent* but the return of service states that the copy of process was left with an *engineer* at its place of business, it cannot be said that the service was intended to be personal. The words of the return of the deputy sheriff were merely descriptive of what he did with the *process*

when he left it at the office and place of business of the corporation. While that part of the return of service which stated that he left the *process* with C. C. Pettett may have been surplusage, this language will not nullify service that is otherwise good.

The Supreme Court said in *Love* v. *National Liberty Ins. Co.*, 157 *Ga.* 259, 265 (121 S. E. 648), quoting from *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (48 S. E. 25), "If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance."

In the case here before the court the traverse to the service was not made on the ground that the "office and place of doing business" where the "writ and process" was left was not the office and place of business of the corporation, but on the contrary the contention of the corporation is that the person with whom the papers were left was not an "agent or officer" of the corporation as defined as one on whom service could be perfected, and that where the return of service attempts to purport personal service that the service cannot be construed to mean service by leaving a copy of "writ and process" at the office and place of doing business of the corporation.

There have been many cases before this court and the Supreme Court wherein the service was held to be void because the return did not state that the corporation was served. There have also been many cases where the "return of service" was held to be amendable, and in *Love* v. *National Liberty Ins. Co.*, supra, at page 267 the Supreme Court said (quoting 21 R. C. L. 1331, § 79) "Since . . . the question of jurisdiction is dependent on the fact of service and not on the proof thereof, a return failing to show the necessary jurisdictional facts, although such facts really existed, may be amended so as to conform to the truth, not for the purpose of validating a void judgment, but to show that the judgment was never void."

Although a part of the return of service in the present case is surplusage, the service was good as "notorious service," and since the traverse did not complain that the service at its "office and place of doing business" was not good service, the trial court did

not err in sustaining the motion to quash the traverse, and no amendment to the return of service is needed in the present case.

In the light of what has been held it becomes unnecessary to pass upon the assignments of error in the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Felton, C. J., and Quillian, J., concur.*