39370. CLEMENTS v. SIMS T.V., INC.

Decided April 6, 1962—Rehearing denied April 18, 1962.

*John Hendrix Crutchfield,* for plaintiff in error.

*Rose & Lappas, Frank P. Lappas, Hugh Wells, Sidney I. Rose,* contra.

HALL, Judge. ■ The defendant's traverse and motion was filed after judgment, and at or before "the first term after notice" to the defendant of the entry of service, as required by Georgia *Code* § 81-214. *Orr v. Chattooga County Bank,* 145 Ga. 248, 252 (88 SE 978); *Grading, Inc. v. Cook,* 211 Ga. 749, 751 (88 SE2d 364). The traverse contended that there had been no legal service on the defendant and hence the court had no jurisdiction over its person, though this defect did not appear on the face of the record. The remedy pursued by the defendant, therefore, was proper. See *Grogan v. Deraney,* 38 Ga. App. 287, 290 (143 SE 912); *Georgia R. &c. Co. v. Davis,* 14 Ga. App. 790, 793 (82 SE 387); *McKnight v. Wilson,* 158 Ga. 153, 161, 162 (122 SE 702); *Byrd v. Riggs,* 210 Ga. 473 (80 SE2d 785); *Norris v. South Side Atlanta Bank,* 93 Ga. App. 511, 513 (92 SE2d 230); Weltner, Process and Service, p. 120. The law authorizing the judge, in his discretion, to open defaults before final judgment, *Code Ann.* § 110-404, is not applicable. *Burger v. Dobbs,* 87 Ga. App. 88, 90 (73 SE2d 75).

■ "Corporations being creatures of statute, the mode of service upon corporations must necessarily be as prescribed by statute. Originally a corporation could be served only by leaving a copy of the petition and process at the office and place of doing business of the corporation. Later it was provided that service upon an officer or agent of the corporation would be sufficient." *Ellis v. Southern Exp. Co.,* 27 Ga. App. 738, 742 (110 SE 43). *Code* § 22-1101, provides that process on a corporation ". . . may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such cor-

poration, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." "In one sense, all service of process on corporations is either substituted or constructive, for the reason that the corporate entity is incapable of service other than through persons who represent it; but for practical purposes service on the proper officer or agent of the corporation is considered personal, rather than substituted or constructive, service." Fletcher, Cyclopedia of the Law of Private Corporations, Vol. 9, p. 255, § 4433. Leaving a copy at the principal office or place of business of the corporation when authorized by statute, is regarded as substitute service. 19 CJS 994, § 1309; Weltner, Process and Service, p. 68. In serving the corporation by serving an officer or agent, the process must be handed to him personally; leaving the process at his most notorious place of abode is not good service. *Stuart Lumber Co. v. Perry*, 117 Ga. 888, 889 (45 SE 251); *Anderson v. Albany &c. R. Co.*, 123 Ga. 318 (51 SE 342).

Our law also authorizes service on an individual by leaving a copy of process at his residence. The process need not be left with a person, and it may be left when no person is present. *Burbage v. American Nat. Bank*, 95 Ga. 503 (20 SE 240); *Rogers v. Craig*, 68 Ga. 286; *Lucas v. Wilson*, 67 Ga. 356. The fact that process so served is left in the hands of some person in the household, however, does not affect the validity of service. Similarly, leaving process at the place of business of a corporation in the hands of a person employed by the corporation is good service.

The officer's return in this case does not show service "by serving an officer or agent" of the corporation. It recites that the officer left the process at the corporation's office. The statement in the return that the process was left with a named person does not nullify service that is otherwise good. *Grading, Inc. v. Cook*, 93 Ga. App. 68, 70 (91 SE2d 129). It is the fact of service, rather than the opinion of the officer or his defective return, which is of vital importance. *Love v. National Liberty Ins. Co.*, 157 Ga. 259, 265 (121 SE 648). The return of service quoted above shows service at the corporation's office and place

of doing business, and the language concerning leaving a copy "with Mr. Kittleson in charge" is surplusage. *Grading, Inc. v. Cook,* 93 Ga. App. 68, supra.

■ The evidence in this case would authorize the trial judge to find that service on an officer or agent of the corporation was not perfected. *Georgia R. &c. Co. v. Head,* 150 Ga. 177 (103 SE 158). However, under the pleadings and proof we do not think the trial judge was authorized to find there was no substituted service. The defendant's traverse and the testimony of its president confirms that the address shown in the return was the defendant's place of business.

The defendant makes the point that the time of service shown by the return was not during the defendant's usual hours of business, but in the morning before its doors were open to the public. The deputy marshal testified that the padlock was off and he went in the front door without having to knock. We may disregard this question, however. Our statute restricts the place for substitute service to "the place of transacting the usual and ordinary business of the corporation," but does not specify any particular hours or time for service. The court is not restricted in perfecting service of its processes on individuals or on corporations, whether by serving officers or agents or by substituted service, to the hours during which a corporation opens its doors to the public. See 19 CJS 994, § 1310.

■ The evidence showing that the defendant was served in one of the modes prescribed by statute, the trial court erred in vacating and setting aside the judgment.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*