40089.   REDWOOD RESTAURANT & BARS, INC.
v. SPRUILL et al.

RUSSELL, Judge.   1. In ordinary suits, service may be had upon a corporation in one of two ways:   under *Code* § 22-1101, enacted by statute in 1845 and appearing in the same language in the Code of 1861 and all subsequent Codes, by serving any officer or agent of the corporation, which is personal service, or by serving the corporation by leaving the copy process at the place of transacting the usual and ordinary public business of the corporation within the county, which is substituted service. *Grading, Inc. v. Cook,* 93 Ga. App. 68 (91 SE2d 129) ; *Clements v. Sims T. V., Inc.,* 105 Ga. App. 769 (125 SE2d 705).

2. Garnishments, however, form an exception to the general rule. Prior to 1884 service of the summons had to be personal upon the president or alter ego of the corporation. *Steiner, Smith Bros. & Knecht v. Central Railroad,* 60 Ga. 552; *Brigham v. Port Royal &c. R.,* 74 Ga. 365; *North Georgia Banking Co. v. Fancher,* 23 Ga. App. 683 (99 SE 229).   As stated in *Clark v. Chapman,* 45 Ga. 486: "The Code [of 1868] provides that garnishments shall be served personally: Code, sections 3226 [§ 8-501], 3841 [apparently 3485, now § 46-101] and this for a very good reason.   It is of great importance to the garnishee that he shall know he is not authorized to settle with the defendant.   This he cannot know certainly and speedily by a summons which is not personal.   This same reason applies to a corporation.   Service on any agent may fairly be allowed of ordinary process.   It is fair to presume that the agent will very soon notify the chief officer or president.   But a garnishment operates immediately.   Any payment after service is illegal; and it would be grossly unfair to hold the company bound to take notice immediately, and act at its peril, on a notice to a mere agent, at, perhaps, a remote point from its principal place of business.   As we have said, the law requires garnishments to be served personally; and

*we do not think that section of the Code 3293 [22-1101], which authorizes service in ordinary suits against corporations to be served by leaving copies,* or by serving any mere agent, *applies to garnishments."* (Italics ours.)

3. Subsequently to the decision in *Clark,* supra, it was provided (Ga. L. 1884-5, p. 99; *Code* §§ 46-106 and 22-1103) that service of a summons of garnishment may be made upon the agent in charge of the office or business of the corporation in the county of venue and need no longer be served upon the president of the corporation as at common law, but substituted service as provided in *Code* § 22-1101 is still not good service of a summons of garnishment.

4. The bill of exceptions recites that the marshal's entry shows "service upon Redwood Tavern & Package Store, garnishee, by leaving the same with James G. Swift at the address of Redwood Tavern & Package Store at 2413 Piedmont Road, NE, Atlanta, Fulton County, Georgia." From the testimony and stipulations it appears that the office and principal place of business of the corporation is 1172 Euclid Avenue, NE, Atlanta, Fulton County, Georgia, where the president and owner of the corporation presided in all the corporate affairs, including the package store on Piedmont Avenue and other enterprises; that the person served, James G. Swift, was a temporary employee working at the Piedmont address where the summons was served and was alone at that location in charge of the business there at that particular time. Swift was the defendant in fi. fa. in the garnishment proceeding and apparently on ascertaining the nature of the summons he pocketed it, took the loose cash available from the cash drawer and absconded, as a result of which the corporation had no knowledge of the summons until after judgment. Was Swift under these circumstances an agent in charge of the office or business of the corporation in the county? Neither the return of service nor any testimony identifies him as an agent. The fact that he was physically in charge at the time of service is not of itself sufficient. See *Georgia R. &c. Co. v. Head,* 150 Ga. 177 (103 SE 158). "If he was not an agent but merely an employee or servant of the defendant, no proper service was made." *Smith v. Southern R. Co.,* 132 Ga. 57, 62 (63 SE 801). "[A] return which shows that service of a summons of garnishment was made upon the bank by serving the named cashier thereof, but which does not indicate,

either as originally made or by amendment (*Southern Express Co. v. National Bank*, 4 Ga. App. 399, 61 SE 857) that he was actually the agent in charge of its office or business, is not sufficient to be the basis of a judgment by default against the bank." *North Georgia Banking Co. v. Fancher*, 23 Ga. App. 683, supra. Cf. also *Clements v. Sims T. V., Inc.*, 105 Ga. App. 769, supra; *Adams v. Overland-Madison Co.*, 27 Ga. App. 531 (1b) (109 SE 413); *Dowe v. Debus Mfg. Co.*, 49 Ga. App. 412 (175 SE 676).

The service was insufficient as personal service, and, this being a garnishment proceeding, substituted service is not authorized.

The trial court erred in refusing to set aside the default judgment and sustain the traverse to the service.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED JUNE 25, 1963.

*John E. Feagin*, for plaintiff in error.
*Orville G. Harrington, Harold Sheats, Paul H. Anderson*, contra.