## 41668. SANDERS TRUCK TRANSPORTATION COMPANY, INC. v. BEVERLY et al.

ARGUED JANUARY 3, 1966—DECIDED FEBRUARY 18, 1966— REHEARING DENIED MARCH 3, 1966—

272

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, Thurmond, Hester, Jolles & McElmurray, Cornelius B. Thurmond, Jr.,* for appellant.

*Allgood & Childs, Thomas F. Allgood,* for appellees.

FRANKUM, Judge. 1. The original petition alleged in paragraph 5 that John L. Sammons was driving a 1960 International truck and was towing a second 1960 International truck and trailer occupied by Joseph Jeffers. In paragraph 13, with respect to the negligence charged against the defendant Joseph Jeffers, it was alleged that he was negligent "in *towing* a disabled tractor-trailer unit upon the Sand Bar Ferry bridge at night" and "in *towing* a disabled tractor-trailer unit upon the Sand Bar Ferry bridge and stopping same" without lights. (Emphasis supplied). The defendant demurred to the original petition (subject to its various dilatory pleas and motions) on the ground that these allegations constituted a pleading of the facts in the alternative and so disjunctively that it could not be determined upon which facts the plaintiff relied. The plaintiff amended the petition by striking the quoted allegations of negligence with respect to the defendant Jeffers and by substituting therefor allegations of negligence with respect to his acts in operating a disabled tractor-trailer unit *"while being towed* upon the Sand Bar Ferry bridge" (emphasis supplied), and the stopping of the same on the bridge without lights.

In paragraph 5 of the original petition the plaintiff alleged that both vehicles were owned by the defendant Sanders Truck Transportation Co., Inc., and were being operated for its benefit and in connection with its business by the two individual defendants, and in paragraph 16, the plaintiff sought to charge the defendant transportation company with responsibility for the negligent acts of the individual defendants under the provisions of "Georgia *Code Ann.* § 68-301" (Ga. L. 1955, p. 454), which by its terms made the owner of a vehicle operated upon the public highways, etc., liable for injuries to persons resulting from negligence in the operation thereof if such motor vehicle was being operated for the benefit of the owner. The defendant demurred to these allegations on the ground that the petition sought to charge the defendant transportation company with liability for the acts of the individual defendants in the alternative, in that in one place it alleged facts appropriate to charge the defendant Sanders Truck Transportation Co., Inc., with liability under the doctrine of respondeat superior, while in another place it charged that defendant with liability under the terms of *Code Ann.* § 68-301, and that since said Code section had been held to be unconstitutional in the case of *Frankel v. Cone*, 214 Ga. 733 (2) (107 SE2d 819), the petition, construed most strongly against the plaintiff, failed to allege a cause of action with respect to the defendant transportation company. In her amendment the plaintiff struck the original paragraph 16 and substituted therefor allegations that the individual defendants were the agents and employees of the defendant transportation company and were acting within the scope of their employment and duties, and that the transportation company was chargeable with their negligent acts. The defendant transportation company objected to the allowance of the amendment on the ground that the original petition did not contain enough to amend by, and because the amendment added a new and distinct cause of action.

The first error enumerated by the appellant is that the court erred in allowing the amendment to the plaintiff's petition over the objection of the defendant transportation company and in

thereafter denying and dismissing that defendant's motion to strike and dismiss the plaintiff's petition. The petition was not so devoid of substance as to be incapable of amendment. *Code* § 81-1302 provides: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." As stated in the leading case of *Ellison v. Georgia R. Co.*, 87 Ga. 691, 707 (13 SE 809), "In every suit there must be three classes of substance: parties, subject-matter and jurisdiction." By the provisions of *Code* § 81-1302, just quoted, jurisdiction, if not originally shown, may be added by amendment, but if the petition shows parties and some fact or transaction indicating the design of the pleader to allege a cause of action either ex contractu or ex delicto, it is in substance sufficient to permit amendment so long as the cause of action alleged is not changed and no new parties are added thereby. The parties defendant here, as originally alleged, were Sanders Truck Transportation Co., Inc., and the individuals, Sammons and Jeffers. The amendment did not change these parties in any way. The cause of action alleged was for negligence on the part of the named defendants in omitting various alleged duties owed the plaintiff as a member of the public using a public highway. This was not changed by the amendment. The defendant's officers know, or should be able to ascertain, which of its drivers was driving which truck, and while it was entitled to have this information correctly alleged, the confusion engendered by the original petition was not such as to materially hinder its defense. Certainly, these were not such matters as would vitiate the entire petition. See *Cannon v. Hood Constr. Co.*, 91 Ga. App. 20, 24 (84 SE2d 604).

In the original petition the plaintiff did not allege that the defendants Sammons and Jeffers were the servants and employees

of the defendant transportation company and that they were operating the trucks in the scope of their employment, *or* that the transportation company was liable for their negligent operation of the trucks because they were being operated for its benefit, thus rendering it liable under the provisions of *Code Ann.* § 68-301 (Ga. L. 1955, p. 454). Conceding, but not deciding, that, on general demurrer, the petition would have been subject, when construed most strongly against the plaintiff, to the construction that these allegations were in the alternative, they were not of such a character that the defect in the petition could not be cured by amendment. The only effect sought to be created by the provisions of the 1955 Act, codified in the *Ann. Code* as § 68-301, was to create a presumption of an agency relationship between the owner and operator of an automobile when such automobile was shown to have been operated on the public roads for the benefit of such owner. The effect of the Supreme Court's holding in the *Frankel* case, supra, was simply that the imposition of this presumption as against the owner precluded him from showing the absence of any agency relationship between him and the driver, or from showing that he was not negligent and that, as thus construed, it violated the due process clauses of the State and Federal Constitutions. The plaintiff, by her amendment to her petition, recognized the effect of the ruling in the *Frankel* case and merely amended the petition to allege agency as a matter of fact in one of the ways otherwise permitted by law. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (58 SE2d 559). In so amending her petition she violated no rule of pleading.

The trial court did not err in allowing the amendment to the plaintiff's petition over the objections of the defendant transportation company and in thereafter denying that defendant's motion to strike and dismiss the petition as amended.

2. The original return of service by the deputy sheriff entered on the process was as follows: "I have this day served the defendant Sanders Truck Transportation Company, Inc. by serving Mr. T. J. Bugg, clerk, with a copy of the within petition and process personally at 4:50 p.m. at Gwinnett St. Office of Sanders Transportation Company, Inc. This 12th day of Sept. 1963."

The defendant transportation company, without making any real contention as to the fact of service, filed what it denominated a traverse of service, a plea in abatement, and a motion to quash the return of service and dismiss the petition. The substance of the contentions made by these motions and pleadings was that T. J. Bugg was not an agent in charge of the office or place of business of the corporation, and that since the return purported to show personal service, it was insufficient as such. Thereafter, the officer making the return made an amended return as follows: "On the 12th day of September, 1963, I did serve the defendant, Sanders Truck Transportation Company, Inc., by leaving a copy of the within petition and process at its offices and place of doing business on Gwinnett Street Extension, Richmond County, Georgia. This 7th day of May, 1964." The defendants then moved to strike the amended return on the ground that it was not made upon petition to nor allowed by order of the court; that the original return was void, and because the amendment illegally sought to change the mode of service from personal service to substituted service. The trial court overruled all of the defendants' motions and objections respecting the return of service, and that judgment is enumerated as error here. The enumeration of errors in this regard raises three substantial questions: First, Was the original return void or merely defective?—second, If merely defective, was it amendable?—and third, Did the amendment cure the defect?

It has many times been reiterated by both this court and the Supreme Court that process and service are essential, but that the return of service, being merely evidence of what was done by the officer in serving the writ, is not jurisdictional. It is the fact of service rather than the proof thereof which is of vital importance. *Jones v. Bibb Brick Co.*, 120 Ga. 321, 324 (48 SE 25); *Love v. National Liberty Ins. Co.*, 157 Ga. 259, 264 (121 SE 648); *Nelson v. Lovett*, 104 Ga. App. 770, 772 (123 SE2d 4). So, it has been held that a return of service, if defective, is amendable to show the true facts respecting it (*Jones v. Bibb Brick Co.*, supra), and where there has in fact been service though no return thereof has been made, this defect may be corrected. This right is allowed on general principles and by statute. *Love v.*

*National Liberty Ins. Co.,* 157 Ga. 259, supra. Of course, as pointed out in the *Jones* and *Love* cases, if the return of service shows a fatally defective service or an entire absence of service, the court has no authority to proceed until this is corrected.

We think that the question presented is controlled adversely to the appellant by the principles enunciated in the foregoing cases and particularly by the cases of *Grading, Inc. v. Cook,* 93 Ga. App. 68 (91 SE2d 129), and *Clements v. Sims T. V., Inc.,* 105 Ga. App. 769 (125 SE2d 705). In the first of these cases the return of service was in substantially the same language as used in the original return of service in this case, except that the individual served was described as an "engineer," while in the second case the return recited that the defendant corporation had been served by leaving a copy of the action and summons with a named individual "in charge of the office and place of doing business of said corporation, in Fulton County, Georgia." What was said by Judge Nichols in *Grading, Inc. v. Cook,* supra, with respect to the language of the return is apropos of this case and may be paraphrased: In the present case which involved a corporation where there was no attempt made to serve an officer or agent of the corporation but the return of service states that the process was left with a clerk at the place of business of the defendant corporation, it cannot be said that the service was intended to be personal. The language used by the deputy sheriff in his return was merely descriptive of what he did with the process when he left it at the office and place of business of the corporation. While the language of the return which stated that he left the process with T. J. Bugg, clerk, may have been surplusage, it certainly did not nullify an otherwise valid return. To the same effect is the ruling in *Clements v. Sims T.V., Inc.,* supra (p. 773), that "leaving process at the place of business of a corporation in the hands of a person employed by the corporation is good service."

While it may be said that, under the ruling in the *Grading, Inc.* case, no amendment of the return was necessary in this case, it was certainly permissible, under the authorities first cited in this division of the opinion, for the court to permit the serving officer to voluntarily amend the return to show the true mode of service. The return here, as did the return in the *Grading, Inc.* case, when

properly construed, showed on its face no service on the corporation under the first method set forth in *Code* § 22-1101, but showed substituted service because, at least prima facie, a mere "clerk" could not be such an officer or agent of the corporation as would be authorized to accept personal service of process on the corporation. See *Southern Bell T. & T. Co. v. Parker*, 119 Ga. 721, 725 (47 SE 194); *Smith v. Southern R. Co.*, 132 Ga. 57, 62 (63 SE 801); *Central Ga. Power Co. v. Nolen*, 143 Ga. 776, 779 (85 SE 945); *Georgia R. & Power Co. v. Head*, 150 Ga. 177 (103 SE 158); *Georgia Creosoting Co. v. Fowler*, 35 Ga. App. 372 (1) (133 SE 479), variously defining and applying the terms "officer or agent" as used in *Code* § 22-1101.

Conceding, however, for the sake of argument that the return originally made was defective, in that it was ambiguous as to whether it was intended by the officer to indicate personal service or substituted service, it was not so defective as to be void but was merely irregular and was subject to amendment. The law required that the service be made upon Sanders Truck Transportation Co., Inc. The officer's original return shows that he served the defendant Sanders Truck Transportation Co., Inc. The only question under this view of the matter was whether he intended to show by his return personal service or substituted service. The amendment cleared up the uncertainty by showing that the service had on the defendant was substituted service, and the amendment did not make or state any new fact, but merely clarified the ambiguity or uncertainty in the original return and cured any defect existing therein. See in this connection *Seaboard A. L. R. v. Davis*, 13 Ga. App. 14 (78 SE 687). The trial court did not err in overruling the objections and motions of the defendant Sanders Truck Transportation Co., Inc., nor in allowing the amendment of the return of service, nor in refusing to dismiss the action.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*