### 45925.  SOUTHEASTERN FIDELITY INSURANCE COMPANY v. HEARD.

EBERHARDT, Judge. Horace Heard, employed by SOS Quick Printing for making deliveries of goods by motorcycle, was injured when the motorcycle collided with an automobile at an intersection. He sued the operator of the automobile and obtained a judgment. He now sues Southeastern Fidelity Insurance Company, alleging that it had issued a liability policy to SOS Quick Printing which included uninsured motorist coverage, that the defendant against whom he obtained judgment was uninsured, that the liability policy afforded coverage to him as a permissive driver of the SOS motorcycle and that Southeastern had been served with a copy of his suit against the operator of the automobile in compliance with the requirements of § 56-407.1 of the Insurance Code relative to the method of enforcing uninsured motorist coverage.

Southeastern denies that Heard was entitled to coverage under the policy, asserting that the collision had occurred on a Saturday when the business of SOS was not operating but was closed, and that he was using the motorcycle on a purely per-

sonal mission, without the knowledge, consent or authority of his employer. Southeastern also denied that service of Heard's suit for damages against the automobile operator had been lawfully perfected upon it, and that for this reason Heard was not entitled to coverage under the policy. Defendant moved for summary judgment on the basis of these two contentions, introducing certain depositions and affidavits in support thereof. The motion was denied and, having obtained a certificate from the judge that the ruling should be reviewed, it appeals. *Held:*

1. The entry of service which is under attack reads: "Georgia, Fulton County. Served the defendant, Southeastern Fidelity Ins. Co., a corporation, by serving Maxine Freeman, Agent, by leaving a copy of the within writ and summons with her at the office and place of doing business of said corporation, in Fulton County, Ga. This September 25, 1968. T. O. Beter, Deputy Sheriff."

Methods for perfecting service on corporations in this state are provided by *Code* § 22-1101: "Service of all writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the. mode of service in his return."

The Civil Practice Act provides in *Code Ann.* § 81A-104, as to corporations: "Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1) If the suit is against a corporation incorporated or domesticated under the law of this State, to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . ." This is, of course, "personal service," and further provision is made for substituted service by serving the Secretary of State. These are cumulative of other methods provided by statute.

When the service is made upon one as the agent of the corporation it is "personal service" on the corporation, while service by

leaving a copy at its place of transacting business is "substituted service." *Redwood Restaurant & Bars v. Spruill,* 108 Ga. App. 95 (1) (132 SE2d 235); *Kimsey & Dopson v. Macon Lumber Co.,* 136 Ga. 369 (71 SE 675); *Dowe v. Debus Mfg. Co.,* 49 Ga. App. 412, 413 (175 SE 676).

2. It is to be noted that the statute requires that the officer *specify the mode of service* in his return. We take this to mean that when the officer proceeds to serve the process he will select one or the other of the two modes, and when he specifies that he has perfected "personal service" it excludes any attempt to make "substituted service." There is reason for the requirement. If the service is to be contested the defendant or party upon whom service purports to have been perfected is entitled to know what he must contest.

Any other construction of the requirement that the officer specify the mode of service in his return would render it meaningless, and it is our duty so to construe the statute that this, as well as other portions of it, have meaning, purpose and effect. *Brooks v. Brooks,* 185 Ga. 549, 554 (195 SE 869); *Mitchell v. Union Bag &c. Corp.,* 75 Ga. App. 15, 17 (42 SE2d 137). "All statutes should be given logical meaning and effect." *Sale v. Leachman,* 218 Ga. 834, 836 (131 SE2d 185). It is not presumed that the legislature intended that any portion of a statute should be without meaning, or that there was no purpose for its inclusion. *State Revenue Commission v. Alexander,* 54 Ga. App. 295 (187 SE 707). We should keep in mind, too, the provisions for service prescribed in the Civil Practice Act, under which no question can arise as to which of the modes may have been attempted. It is the policy of the law to make certain wherever possible, and we think the requirement that the officer specify the mode is a part of that policy.

The return here is of "personal service" on the corporation, for it recites that it was accomplished by service on Maxine Freeman, as its agent. Compare *Grading, Inc. v. Cook,* 93 Ga. App. 68 (91 SE2d 129) and *Clements v. Sims T.V., Inc.,* 105 Ga. App. 769 (125 SE2d 705) with the situation here.

3. (a) Southeastern denies that Maxine Freeman was its agent, and introduced an affidavit of its payroll clerk in which it

was asserted that she was employed only as a typist, was paid as a typist, and that she had no other duties or authority. The Supreme Court held in *Citizens Bank of Hapeville v. Alexander-Smith Academy,* 226 Ga. 871 (178 SE2d 178) that a typist-receptionist is not an agent in charge of the office or business of a corporation for which she works, and is not a person on whom "personal service" of the corporation can be made. That case involved the question of whether service of a summons of garnishment on her amounted to service of the corporation. Personal service of a garnishment summons is required. *Code* § 46-106.

(b) Similarly, it was held in *Georgia R. &c. Co. v. Head,* 150 Ga. 177 (103 SE 158) that service of an ordinary suit could not be perfected on a corporation by serving a mere employee, holding that "the person served must be an agent of the company as distinguished from a mere subordinate employee or servant." And in *Southern Bell Tel. &c. Co. v. Parker,* 119 Ga. 721, 727 (47 SE 194) it was asserted: "Of course it was never intended that a corporation should be bound by service on a mere employee or a mere servant of the corporation, in a limited sense." "[S]ervice of process on merely an apparent agent is not sufficient. It must be made on an actual agent." *Burkhalter v. Ford Motor Co.,* 29 Ga. App. 592, 603 (116 SE 333). In that case we held that an agent was some person authorized to act for another, arising when, expressly or impliedly, there has been a delegation "with more or less *discretionary* power" to act, to manage an affair, and to render an account.

"It is generally held that the word 'agent' as used in such statutes, applies only to such agents as have some sort of controlling authority, and not to every person employed or intrusted with a commission by the cooporation." 19 Enc. Pl. & Pr. 665, quoted approvingly in *Southern Bell Tel. &c. Co. v. Parker,* 119 Ga. 721, supra, and in *Smith v. Southern R. Co.,* 132 Ga. 57, 63 (63 SE 801), where it was held that one employed in the office of the station agent of a railroad "as his chief clerk, doing the routine work of the office, cannot be said to be an agent within the meaning of the statute referred to." "The representative of a corporation, such as will meet the requirements of law gov-

erning service upon it by serving him personally, as distinguished from service by leaving a copy of the process at the place of transacting its usual and ordinary public business, must be an officer of the corporation or 'any agent who has some sort of control or authority over some department or sphere of the corporation's business,' but not 'a mere employee or servant.'" *Dowe v. Debus Mfg. Co.*, 49 Ga. App. 412, 413, supra.

At times and in some contexts we have tended to equate servant with agent, but the relationships are very different. At common law, and in all of the jurisdictions of this country (except in instances where changed by statute) the difference in concept is fundamental and substantial. Generally the servant performs work or labor for the master, sometimes skilled and sometimes not, while the agent, within the ambit of his authority, represents his principal in some business dealing. He is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual realtions with him. Perhaps it is an oversimplification, but it has been generally said that agency relates to business transactions, while the work of a servant relates to manual service. The agent may, at times serve both as servant and agent, doing labor and exercising a given authority, but the servant rarely does. See generally, 2 Mechem, Outlines of Agency (3rd Ed.); 17 Huffcutt, Agency (2d Ed.); Wharton, Agency, §§ 19, 20. The agent performs "juristic" acts, while those performed by a servant are "nonjuristic." Ferson, Principles of Agency, p. 23, § 18.

It is obvious here, as it was in *Citizens Bank of Hapeville v. Alexander-Smith Academy*, 226 Ga. 871, supra, that Miss Freeman, a mere typist, was not a person on whom service could be made that would bind the corporation.

Further, the manager in charge of the office testified in his affidavit that he never learned of the pendency of the action until after judgment; the copy served on Miss Freeman was not relayed to him and he did not know or learn of it. (It appears that shortly after she was served she voluntarily terminated her position with the company and left.)

(c) "A legal return of service is essential in a civil action to give the court jurisdiction of the person of the defendant, and until such return has been made the defendant is not required to plead to the merits." *Callaway v. Douglasville College,* 99 Ga. 623 (1) (25 SE 850). Under the facts here an amendment of the return could not have aided in effecting a compliance with the uninsured motorist provisions of the Insurance Code. See *News Printing Co. v. Brunswick Publishing Co.,* 113 Ga. 160 (38 SE 333).

There was a lack of service on the corporation, as is required for binding it under the uninsured motorist coverage by *Code Ann.* § 56-407.1, and it was error to deny the motion for summary judgment on that ground.

4. It is suggested that there was no traverse to the entry of service, but counsel recognize that the statute providing for traversing the entry was repealed by the Civil Practice Act, so that a denial of the service is now sufficient to raise the issue of whether there has been proper service. It is proper, too, that the issue be adjudicated on motion for summary judgment. By its pleading, its motion and the evidence in support thereof the return of service, as a part of plaintiff's pleading, has been pierced. The motion for summary judgment was supported. No evidence was offered to refute it, and defendant was entitled to have the motion granted. *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193).

5. Appellee's suggestion that the attack on the service came too late is without merit. It appears that Southeastern had no knowledge of the purported service or of the pendency of the damage action, to which it was not a party, until after judgment. There was no opportunity to make the attack until appellee sought by this action to enforce collection of the judgment under the uninsured motorist coverage of his employer's policy. The attack was timely made.

6. Since it appears that plaintiff is not entitled to proceed with this action because of a failure to comply with the requirement of the uninsured motorist insurance statute, we deem it unnecessary to consider other issues raised.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*

ARGUED JANUARY 13, 1971—DECIDED APRIL 8, 1971.

*Stack & O'Brien, Joseph R. Manning,* for appellant.
*Paul R. Koehler,* for appellee.