## 58308. CARLSON v. HOLT et al.

QUILLIAN, Presiding Judge.

On April 11, 1975, a complaint was filed in the DeKalb Superior Court by appellee against three defendants, Curt W. Carlson, Tommy Dutton and Pure-O-Zone, Inc., a Georgia corporation. On April 30, 1975, answers were filed on behalf of all three defendants. Additional defenses were subsequently filed on behalf of the defendants on June 29, 1977.

On October 18, 1978, this case was called for trial pursuant to notice in the legal organ of DeKalb County and no announcement or response was made by any defendant in this action at the call of the case. Therefore, this case was presented to a jury on the issue of unliquidated damages upon the evidence of plaintiff alone.

The jury returned a verdict in favor of plaintiff in the amount of "$1,700 for initial investment plus $50,000 punitive damages." Based upon the verdict of the jury, judgment was entered against all defendants in the amount of $51,700 and all costs.

On November 3, 1978, and without notice to defendant Carlson, counsel for defendant Dutton filed a motion on Dutton's behalf for a new trial, or in the alternative, a motion to set aside verdict and judgment. On November 14, 1978, defendant Dutton filed an amendment to his motion alleging that "the judgment entered in this matter purports to be against all Defendants therein, including Defendant Dutton and, therefore, is contrary to and not in conformity with the verdict" praying that the judgment be set aside. On November 15, 1978, the trial judge granted the motion of defendant Dutton, vacated and set aside the judgment as to him and granted him a new trial.

Upon first notice to defendant Carlson of the entry of judgment against him, he filed a motion to conform judgment to verdict, or in the alternative, to set aside the judgment and an extraordinary motion for new trial. The motion was heard by the trial judge who denied defendant Carlson's motions by an order entered April 5, 1979. It is from this order that appeal was taken to this court. *Held:*

1. The jury verdict in this case was as follows:

"Holt, Charles A.   :   No. 85244

                  :   DEKALB SUPERIOR COURT

      VS.

Pure-O-Zone Equip-   :

ment: Research Co.   :

### VERDICT OF JURY

"We the jury awards [sic] Charles A. Holt, Jr. plaintiff $1,700 for initial [sic] investment plus $50,000 punitive damages." The defendant Carlson contends it was error to enter judgment against all the defendants since the verdict was clearly against only the corporation.

First of all, the rule is well established that "A verdict 'for plaintiff' in an action against more than one defendant which is silent as to whom the verdict is against is to be construed as a verdict against all the defendants joined in the action, who have been duly served with process, or have entered an appearance." 76 AmJur2d 117, Trial, § 1146. *Houston v. Ladies' Union Branch Assn.*, 87 Ga. 203 (3) (13 SE 634); *Flannery v. Harley,* 117 Ga. 483, 497 (43 SE 765). See *Neda Const. Co. v. Jenkins,* 137 Ga. App. 344, 347 (2) (223 SE2d 732). "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. "Although a verdict may not be explicit or definite in its terms, if its intent is apparent from the pleadings and the evidence, it must be construed with reference thereto." *Sheldon v. Hargrose,* 213 Ga. 672 (2) (100 SE2d 898). Accord, *Nottingham v. Nicholson,* 42 Ga. App. 628 (1) (157 SE 118).

Here the reference to only one name was in the caption not in the verdict itself. The action was against 3 defendants jointly and the pleadings addressed themselves to that fact. Most importantly, the defendants were in default, their liability was established and the sole issue was the amount of damages. Code Ann. § 81A-155 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). Under the present circumstances, the judgment entered against all three defendants was not error.

2. The record reveals that the defendant Dutton was granted a new trial. The judgment here against the joint

defendants was indivisible and must stand or fall in toto as to all. *Smith v. Barnett,* 109 Ga. App. 142 (135 SE2d 435); *Mullis v. Chaika,* 118 Ga. App. 11 (12) (162 SE2d 448); *Smith v. Nelson,* 123 Ga. App. 712 (5) (182 SE2d 332); *Ammons v. Horton,* 128 Ga. App. 273, 275 (196 SE2d 318). Thus, even though appellant's basis for reversal is not meritorious, it was error for the trial judge to overrule his motion for new trial after having granted a codefendant a new trial. *Couey v. Bracewell,* 111 Ga. App. 760 (143 SE2d 7); *Smith v. Nelson,* 123 Ga. App. 712 (5), supra.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED OCTOBER 29, 1979.

*J. Christopher Simpson,* for appellant.
*Harmon W. Caldwell, Jr., William R. Gignilliat, III, Albert Sidney Johnson,* for appellees.