## 62644. KNOX v. LANDERS.

QUILLIAN, Chief Judge.

Defendant appeals from the order of the trial judge overruling a motion to set aside a default judgment.

Plaintiff/appellee Susie Landers filed a complaint against defendant/appellant, James Knox and defendant Henry Knox d/b/a James Knox Logging, alleging that both defendants entered upon her property and removed and converted to their own use trees located thereon, and damaged her property with their logging operations.

The complaint and summons were served on James Knox at his home by leaving a copy with his twelve-year-old son. Co-defendant Henry Knox was never served. The defendants filed no pleading and the action became in default. On June 4, 1980 plaintiff established her damages and obtained a jury verdict for $18,000.00.

On August 27, 1980 the appellant and defendant Henry Knox filed a motion for a new trial which was treated as a motion to set aside. On April 4, 1981 the trial judge overruled the motion for a new trial, but declared that the judgment as to defendant, Henry Knox, be set aside and declared null and void. *Held:*

1. The jury verdict in this case was against the defendants James Knox, Henry Knox and James Knox Logging. The liability for this judgment is joint and and several according to the final decree of the trial judge. The trial judge erred in dismissing the motion to set

aside the default judgment against the appellant after declaring the judgment as to the other defendant null and void.

In *Ammons v. Horton,* 128 Ga. App. 273, 275 (191 SE2d 318) the court stated the rule regarding indivisibility of judgments: "It is the opinion of this court that this is not an absolute rule but the indivisibility of the judgment results only, and is applicable only, where there is to be a new trial as to some of the tortfeasors or where some of the tortfeasors, against whom a judgment has been rendered, are released therefrom for reasons other than on the merits, as shown by the evidence in the case, such as lack of venue, death of a party prior to judgment, lack of service, etc.,. . . ." The reason for the release of Henry Knox from this judgment was due to lack of service and therefore, the indivisibility of judgment rule is applicable in this case.

"The verdict and judgment being a joint one in favor of the plaintiff against all the defendants, ought not to stand. Those who were not served of course are not bound by it, and this fact would effectually prevent the plaintiff in error, in case [he] satisfied the judgment, from having [his] right to contribution from [his] co-defendants. In the event [he] should demand such contribution, they would only have to reply [that] they were not bound by the judgment at all, and that it established no right against them in favor of any one. If the plaintiff had obtained judgment against those defendants only who were served, it may have been valid as to them; but inasmuch as the judgment is against all the defendants, including those not served, we are clear it should be set aside for the reason above stated." *Harralson v. McArthur,* 87 Ga. 478, 481 (13 SE 594); *Ammons v. Horton,* 128 Ga. App. 273, 279, supra. It was error for the trial judge to overrule the appellant's motion to set aside the default judgment after declaring the judgment null and void as to his co-defendant. *Couey v. Bracewell,* 111 Ga. App. 760 (143 SE2d 7); *Smith v. Nelson,* 123 Ga. App. 712 (5) (182 SE2d 332); *Carlson v. Holt,* 152 Ga. App. 95, 97 (2) (262 SE2d 508).

2. The return of service showed personal service upon both defendants at James Knox's residence. Henry Knox — the co-defendant and the brother of James, does not live at that address. The trial court permitted the return of service to be amended — after judgment, to show service was made upon James Knox's 12-year-old son "who resided therein . . . in accordance with the express direction and appointment made to [him] by the Defendant, James Knox." Defendants' motion for new trial was considered by the court to be a motion to set aside the verdict and default judgment. The court found service valid as to James Knox

but set aside the verdict and judgment as to Henry Knox — apparently on the basis of lack of service.

a. The contention of the defendant that service of the complaint and summons upon his 12-year-old son was insufficient because he was not of "suitable age and discretion" has been decided adversely to him by this court in *Trammel v. Nat. Bank of Ga.,* 159 Ga. App. 850.

b. Defendant avers the trial court erred in permitting amendment of the return of service — after judgment. We do not agree.

The officer executing service may amend his return to make the entry conform to the facts. Code Ann. § 24-2815 (Code § 24-2815). "If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court." *Jones v. Bibb Brick Co.,* 120 Ga. 321, 325 (48 SE 25); *Phillips v. Bond,* 132 Ga. 413, 419 (64 SE 456); *Sanders Truck &c. v. Beverly,* 113 Ga. App. 271, 276 (147 SE2d 855). " 'For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance.' " *Grading, Inc. v. Cook,* 93 Ga. App. 68, 70 (91 SE2d 129). In addition, even if the return was defective, "it is amendable, and the defect is cured by judgment." *Love v. Nat. Liberty Ins. Co.,* 157 Ga. 259 (1) (121 SE 648); *Pearson v. Jones,* 18 Ga. App. 448 (1) (a) (89 SE 536); *Render v. Hartford Fire Ins. Co.,* 33 Ga. App. 716, 720 (127 SE 902). Furthermore, Code Ann. § 81A-104 (h) (CPA § 4 (h); Ga. L. 1966, pp. 609, 610, as amended through 1980, pp. 1124, 1125) provides that "[a]t any time in its discretion and upon such terms as it deems just, the trial court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued." We have found no legal prejudice to the defendants in permitting the return to be amended. This enumeration is without merit.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1981.

*William A. Wehunt,* for appellant.
*B. D. Murphy III,* for appellee.