A91A1200. FISHER et al. v. MUZIK et al.
(412 SE2d 548)

BEASLEY, Judge.

After Robert Fisher was injured in a fall which occurred at a work site in Bibb County, he and his wife brought an action in that county for damages against James Muzik, project manager for the construction project. The complaint alleged that Muzik failed to provide safe working conditions which resulted in the injuries to Fisher. Muzik was alleged to be a non-resident of Georgia and was served pursuant to the Georgia Long Arm Statute, OCGA § 9-10-91 et seq.,

by a Florida deputy sheriff.

Muzik answered and moved to dismiss the complaint on the ground that he was not a nonresident but actually resided in Pike County and that venue was properly in that county and not in Bibb; that service under OCGA § 9-10-91 was improper; and, because Muzik was not served under OCGA § 9-11-4 (e) (2), service was insufficient. Several months later, after discovery, Muzik moved to transfer the proceedings to Pike County because he was a resident of that county and venue was properly there. The issue of residency is generally for a jury. See, e.g., *Sorrells v. Sorrells*, 247 Ga. 9, 11 (3) (274 SE2d 314) (1981). The same is true of domicile. *Worrell v. Worrell*, 242 Ga. 44 (247 SE2d 847) (1978). In this case the question was submitted to the court, which found that Muzik was a resident of Pike County and granted the motion to transfer. The statute of limitation expired on May 31, 1990, just before the order was entered on June 5.

Six months after the transfer, during which time Muzik was not served as a resident, he moved to dismiss the complaint on the ground that there was no valid service because, as he was a resident, jurisdiction could not be obtained against him by service under the Long Arm Statute. The trial court agreed and dismissed the complaint. The Fishers appealed, assigning error in the transfer of the case to Pike County and also to the order dismissing their complaint.

The evidence considered by the Bibb County trial court was sufficient to sustain the finding that Muzik was a Pike County resident. See *Sorrells*, supra; *Pugh v. Jones*, 131 Ga. App. 600 (206 SE2d 650) (1974); *Davis v. Holt*, 105 Ga. App. 125, 129 (1) (123 SE2d 686) (1961) (comparing the legal terms "domicile," "residence," and "sojourn") OCGA § 19-2-1 (a). Thereafter, there was no valid service on resident Muzik, so the Pike County court did not have to determine whether service beyond the statute of limitation was diligent under the circumstances. OCGA § 9-11-4 (c); *Watters v. Classon*, 193 Ga. App. 493 (1) (388 SE2d 397) (1989). The initial service under the Long Arm Statute was invalid because defendant was not a "nonresident" as defined in OCGA § 9-10-90. On the other hand, the Florida deputy sheriff could not serve a Georgia resident with a Georgia suit. OCGA § 9-11-4 (e) (2); *Shahan v. Scott*, 259 Ga. 172 (377 SE2d 859) (1989). So the provision in Rule T-13 of the Uniform Transfer Rules, that service need not be perfected a second time, is not applicable. See 251 Ga. 893, 895.

The Pike County court thereafter correctly dealt with the case from the perspective that Muzik was a Pike County resident. The rules of service must be strictly observed. See *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989); *Hudgins v. Bawtinhimer*, 196 Ga. App. 386, 389 (3) (395 SE2d 909) (1990). The fact that defendant may otherwise obtain knowledge of the filing of the action against him does

not obviate the necessity for meeting the statutory requirements. *Bible*, supra at 419; *Acord v. Maynard*, 198 Ga. App. 296, 297 (401 SE2d 315) (1991).

The Pike County court did not have jurisdiction over Muzik, and dismissal of the suit was required by law.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED OCTOBER 23, 1991 —
RECONSIDERATION DENIED NOVEMBER 19, 1991 —

*Westmoreland, Patterson & Moseley, Daryl J. Morton, Thomas H. Hinson II*, for appellants.

*Varner, Stephens, Wingfield & Humphries, J. D. Humphries III, T. Matthew Mashburn, Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, R. Michael Ethridge, Jones, Cork & Miller, Thomas W. Joyce, Thomas C. Alexander*, for appellees.