## S09A0501. BEARD v. BEARD.
### (681 SE2d 138)

HINES, Justice.

This Court granted Ray Beard's application for an interlocutory appeal from the denial by the trial court of his motion to dismiss the divorce complaint of Angela Beard, and the award of temporary spousal support to Ms. Beard. For the reasons that follow, we reverse.

The parties were married in 1992. Subsequently, Mr. Beard filed for divorce in the Superior Court of Wayne County, and on January 17, 1996, the court signed a final judgment and decree of divorce regarding the marriage. However, that order was not filed in the clerk's office until March 19, 2003. On February 26, 1996, after the divorce decree was signed, but before it was filed, the couple engaged in a wedding ceremony. Ms. Beard filed a verified complaint for divorce on February 13, 2008. In it, she averred that the couple was married on July 3, 1992. After Mr. Beard asserted in his answer to the complaint that the 1992 marriage had been dissolved and the complaint should be dismissed, Ms. Beard amended her complaint to allege that the couple was married on February 26, 1996. The court later entered an order denying Mr. Beard's motion to dismiss and setting forth temporary alimony.[1]

The motion to dismiss should have been granted; there was no existing marriage that could be the subject of a divorce action. The 1992 marriage had already been dissolved by the 2003 order of divorce, and no valid marriage could be entered into in 1996. Under OCGA § 9-11-58 (b), a civil judgment must not only be signed by a judge, but must also be filed with the clerk, "and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same . . . ." See also *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003). The trial court did not otherwise direct, and there is no statement that the order granting a divorce was to be entered nunc pro tunc. Compare *Hinkle v. Woolever*, 249 Ga. App. 249, 252, fn. 1 (547 SE2d 782) (2001). Thus, it was not until the March 19, 2003 filing in the clerk's office that the divorce decree became a final, effective judgment; prior to that date, it had no effect.

For a person to be able to enter into a marriage contract, he or she must not have a living spouse of a previous undissolved marriage. OCGA § 19-3-2 (a) (3). On February 26, 1996, the parties each had a living spouse of the previous undissolved 1992 marriage. It is irrelevant whom they sought to marry in 1996; "[a] party with a previous undissolved marriage is not able to contract marriage." *Kicklighter v. Kicklighter*, 217 Ga. 54, 59 (3) (121 SE2d 122) (1961).

---

[1] The record states that there are no children born of the marriage.

The parties have been divorced since March 19, 2003, and they are governed by that decree.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 15, 2009 —
RECONSIDERATION DENIED JUNE 30, 2009.

*William B. Johnson*, for appellant.
*J. Alvin Leaphart*, for appellee.