S11F0919. MAPLES v. MAPLES.

(713 SE2d 865)

THOMPSON, Justice.

Husband and wife were married in 1983. Wife filed a petition for an uncontested divorce on April 26, 2000, and the trial court signed a final decree granting a divorce on June 1. However, the decree was not filed with the clerk until August 1, 2002. In the meantime, husband and wife, believing they had already been divorced pursuant to the final decree, were married again on June 25, 2000. The parties lived together as husband and wife and raised their children together until June 29, 2010, when wife filed a complaint for divorce. Soon thereafter, each party learned that the final decree of divorce was not filed in the previous action until August 1, 2002, more than two years after they remarried. Thereupon, husband moved to dismiss the case filed in 2010, and wife moved to amend the judgment in the earlier, 2000 case.

The trial court heard wife's motion in the 2000 case, and amended the order in that case by entering an order nunc pro tunc to ensure that the order reflected the true judgment rendered by the court, i.e., that the parties were to be divorced on June 1, 2000. In so doing, the trial court concluded that the nunc pro tunc amendment was demanded by law, equity and morality.

Husband sought a discretionary appeal from the nunc pro tunc order in the 2000 case, asserting, inter alia, a nunc pro tunc order cannot be used to backdate the entry of a divorce decree. We granted review under this Court's previously instituted Pilot Project for domestic relations cases (now set forth as Supreme Court Rule 34 (3)). We find no error and affirm.

1. In *Beard v. Beard*, 285 Ga. 675 (681 SE2d 138) (2009), a divorce decree was signed in 1996, but it was not entered until 2003. After the order was signed, but before it was entered, the parties remarried. Later, in 2008, wife again sued husband for divorce, and husband moved to dismiss the complaint on the ground that the remarriage was invalid. The trial court denied husband's motion to dismiss, and this Court reversed, holding that the 1996 divorce was ineffective until it was filed with the clerk in 2003, and that, therefore, "there was no existing marriage that could be the subject of a divorce action."

While the facts in *Beard* are remarkably similar to the case at bar, the holding is inapplicable. That is because the appeal in this case, unlike *Beard*, does not concern wife's second divorce action. On the contrary, it involves only the previous divorce case and the validity of the nunc pro tunc order. *Beard* does not address the validity of a nunc pro tunc order. The only statement in *Beard* concerning a nunc pro tunc order is the following: "The trial court did not otherwise direct, and there is no statement that the order granting a divorce was to be entered nunc pro tunc." Id. By this statement, *Beard* implied that the outcome of that case would have been different if an order had been entered in the previous divorce case directing the judgment to be entered on the date the divorce decree was signed. That is exactly what transpired here.

2. Husband argues that the trial court was not authorized to use a nunc pro tunc order to backdate the entry of the divorce decree. In support of his argument, husband relies upon *Coleman v. Coleman*, 240 Ga. 417 (240 SE2d 870) (1977), a divorce case, in which this Court observed: " 'A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Such an entry can not be made to serve the office . . . of supplying non-action on the part of the court.' [Cits.]" Id. at 418.

*Coleman* does not support husband's assertion. In that case, the trial court granted a divorce on the pleadings on June 24, 1976, and reserved the other issues for trial. Thereafter, in December 1976, the trial court heard and decided the remaining issues. Rather than entering judgment on the remaining issues in December, the judgment was entered nunc pro tunc as of June 24. This was an improper use of nunc pro tunc because no action was taken by the trial court

on the remaining issues at that time.

Unlike *Coleman*, the trial court in this case used a nunc pro tunc order to cause the written judgment of divorce to relate back to the date of the original hearing and ruling. This was an appropriate use of a nunc pro tunc order. See, e.g., *Hinkle v. Woolever*, 249 Ga. App. 249, 252, n. 1 (547 SE2d 782) (2001) (by using nunc pro tunc order "trial court caused the written dismissal to relate back to . . . the date of the hearing and its oral ruling"); *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2), n. 1 (451 SE2d 810) (1994) (nunc pro tunc "used to record a previously unrecorded action taken or judgment rendered, which is to take effect as of the *former* date").

> The trial court had authority to enter a divorce decree nunc pro tunc as of [the prior] date . . . where the jury had previously returned a verdict and the cause was ripe for judgment. "(E)very court has the inherent power — and it is the court's duty — to correct its own records to make them speak the truth. [Cits.] Where based solely on the record, and without the necessity for the introduction of extrinsic evidence, the court may, on its own motion and without notice, enter such judgment and decree nunc pro tunc at a later date; and since such entry simply perfects the record, as between the parties it relates back to the time when it should have been entered, although a different rule would apply to sureties, intervening bona fide purchasers, or innocent third parties."

*Norman v. Ault*, 287 Ga. 324, 330 (5) (695 SE2d 633) (2010), quoting *Moore v. Moore*, 229 Ga. 600, 601 (2) (193 SE2d 608) (1972), overruled on other grounds. Entry of the divorce decree nunc pro tunc to the date of the signing of the decree was advantageous to husband, as well as wife, because it accurately reflected his intention to re-enter the bond of marriage on June 25, 2000. See *Norman v. Ault*, supra.

3. The trial court did not err in asking wife's counsel to prepare the nunc pro tunc order. *Richardson v. Barber*, 241 Ga. App. 254, 255 (527 SE2d 8) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 11, 2011.

*Smith & Smith, Beth A. Smith, John R. B. Long*, for appellant.

*John A. Tisdale, Barry N. Middleton, Jennifer S. McKinzie,* for appellee.