## A11A1099. MERRY v. ROBINSON et al.

(721 SE2d 567)

BLACKWELL, Judge.

In May 2008, Suzanne Robinson bought a home in Bryan County, and after finding serious defects in its design and construction, she sued Finley Merry and James Crosby, both of whom, she alleged, were responsible for the design and construction of the home.[1] Neither timely answered the complaint, and the court below entered a default judgment against Merry and Crosby jointly, awarding Robinson more than $1 million.[2] Merry moved to set aside the default judgment, asserting, among other things, that the court did not have jurisdiction of his person because Robinson did not properly serve him with process, and Merry moved again to set aside the default judgment after the court set it aside as to Crosby only, contending that the indivisibility of judgments rule required the court also to set it aside as to Merry. The court below denied both motions, and Merry appeals. We affirm the denial of his first motion to set aside, but we reverse the denial of the second.

1. We turn first to the denial of the first motion to set aside the default judgment. In her complaint, Robinson alleged that Merry was a resident of Georgia, and she attempted to have Merry served with process in Georgia, only to learn that he had moved to North Carolina. Then, without amending her allegation of residence, Robinson had Merry served with process in North Carolina by a North Carolina deputy sheriff. A Georgia resident must be served with process under the auspices of the Civil Practice Act, see *Shahan v. Scott*, 259 Ga. 172, 172 (377 SE2d 859) (1989), and we have said before that a sheriff of another state ordinarily is not authorized by the Civil Practice Act to serve process for a Georgia court.[3] See *Fisher v. Muzik*, 201 Ga. App. 861, 862 (412 SE2d 548) (1991). A nonresident, however, can be served with process outside Georgia "by any person authorized to make service by the laws of the state . . . in which service is made," OCGA § 9-10-94, and no one disputes that North Carolina law authorizes a sheriff of that state to serve process. See N.C. Gen. Stat. § 1A-1, Rule 4 (a). In his first motion to set aside the default judgment, Merry argued that service by a North Carolina

---

[1] According to the complaint, Robinson bought the home for herself and for the Robinson Family Survivors Trust, of which she is the trustee, and she sued Merry and Crosby to vindicate her own rights and those of the trust. There is no need in this appeal to distinguish between Robinson and the trust, and for the sake of simplicity, we refer to both as "Robinson."

[2] The court awarded Robinson $523,804.94 in compensatory damages and an equivalent amount in punitive damages.

[3] A Georgia court could, of course, specially appoint a sheriff of another state to serve process upon a Georgia resident, see OCGA § 9-11-4 (c), but no one contends that the North Carolina deputy sheriff in this case was so appointed.

322

deputy sheriff was improper and, therefore, insufficient to permit the court below to exercise jurisdiction of his person, and both below and in this Court, he and Robinson dispute whether he had to be served as if he were a Georgia resident simply because Robinson alleged that he was. Although the sufficiency of service in this case raises some interesting questions, they are only academic ones because, as the court below found, Merry waived his objection to service by the North Carolina deputy sheriff.

When a defendant appears and wishes to contend that service of process is insufficient and that, as a result, the court lacks jurisdiction of his person, he must raise the issue in his first responsive pleading or motion, and if he does not, he waives it. See OCGA § 9-11-12 (h) (1). In this case, the North Carolina deputy sheriff served Merry with process on March 25, 2009, and Robinson agreed by stipulation to extend the time for Merry to answer until May 11. That day came and went without Merry filing anything. Merry eventually did appear and file an answer and motion to dismiss, but not until May 15.[4] In his answer and motion to dismiss, Merry contended that the court did not have jurisdiction of his person because the summons was defective, but he said nothing about the fact that process had been served by a North Carolina deputy sheriff.[5] By appearing and filing a responsive pleading and motion, albeit untimely ones, and by failing to raise the issue of service by a North Carolina deputy sheriff in his first pleading or motion, Merry waived his right to complain about the person who served him with process.

On appeal, Merry insists that a default does not waive an objection to a failure of service that deprives the court of personal jurisdiction because there can be no default, by definition, when the court is without personal jurisdiction. That is true enough, see *Focus Healthcare Medical Center v. O'Neal*, 253 Ga. App. 298, 299 (558 SE2d 818) (2002), but the waiver in this case is based not on default, but the filing of an answer and motion to dismiss that say nothing about service by a North Carolina deputy sheriff. After Merry was served, he might have preserved his objections to the sufficiency of service and personal jurisdiction either by appearing before judgment and raising these defenses in his answer or motion to dismiss,

[4] Because his answer was only four days late, Merry could have opened his default as a matter of right simply by paying costs. See OCGA § 9-11-55 (a). Inexplicably, he did not, and as a result, he was a few days late and a few dollars short.

[5] By the way, the reader should know that the untimely answer and motion to dismiss were filed by a lawyer in North Carolina, not by the lawyers now representing Merry in this appeal. Like any lawyer who comes into a case after it is underway, the lawyers now representing Merry must play the hand that they have been dealt.

or by appearing before judgment and, without having filed an answer or motion to dismiss, raising these defenses in response to the motion for a default judgment, or by appearing only after judgment and raising them in a motion to set aside the judgment. He could not, however, appear before judgment, file an answer and motion to dismiss without then raising these defenses, and later attempt to assert them for the first time after the entry of judgment. See *Burch v. Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004) (defendants waived objection to service of process when they failed to raise it in the first pleadings in which they "pled to the merits of [the] case"); see also *Smithson v. Harry Norman, Inc.*, 192 Ga. App. 796, 796 (2) (386 SE2d 546) (1989) (defendant waived objection to service of process when she moved to open default and filed untimely answer without raising objection). The court below did not err when it concluded that Merry waived his objection to the sufficiency of service by a North Carolina deputy sheriff, and we affirm the denial of his first motion to set aside the default judgment.[6]

2. We turn next to the denial of the second motion to set aside the default judgment. In her complaint, Robinson alleged that Merry and Crosby both were responsible for the design and construction of her house, and she claimed that both defendants were "completely responsible and liable for the defects in the [house]." Robinson asserted the same claims against both — negligence, fraud, conspiracy to commit fraud, breach of contract, breach of warranty, and nuisance — and she did not attempt in her complaint to distinguish the respective liabilities of Merry and Crosby. When the court below entered its default judgment, it entered a single judgment against both defendants jointly and without apportioning the damages awarded among them:

> This case having [come] on for hearing before this Court and a verdict having been reached on August 11, 2009 in favor of [Robinson] in [her] claim against Defendants Finley H. Merry and James Orland Crosby in the following

---

[6] In his first motion to set aside the default judgment, Merry also contended that the judgment should be set aside because Robinson failed to give written notice of her claims before filing her lawsuit, which, he says, OCGA § 8-2-38 (a) requires. The court below denied the motion without specifically addressing this contention, and Merry renews it on appeal. We see no merit in this contention. Even assuming that OCGA § 8-2-38 (a) applies in this case, the statutory remedy for a failure of the plaintiff to give notice of her claims is a stay of the proceedings, but a defendant is entitled to such a stay only if he asks for it. OCGA § 8-2-37 ("If a claimant files an action without first complying with the requirements of this part, *on application by a party to the action*, the court or arbitrator shall stay the action until the claimant has complied with the requirements of this part.") (emphasis supplied). Merry did not ask for a stay, so he was not entitled to one.

amounts: $365,307.94 for past special damages, $141,254.00 for future repairs, $17,243.00 for litigation expenses and attorney's fees, and punitive damages in the amount of $523,804.94;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of [Robinson] and against Defendants . . . in the amount of $1,047,609.88.

After Merry first moved to set aside the default judgment, so did Crosby, and the court below later set aside the judgment as to Crosby alone. Robinson consented to setting aside the judgment as to Crosby because he, it turns out, had filed for bankruptcy, and Robinson and the court below apparently were concerned that the default judgment might have been entered in violation of the automatic bankruptcy stay. At that point, Merry moved again to set aside the default judgment, contending that the indivisibility of judgments rule requires that the joint judgment, if set aside as to Crosby, be set aside as to Merry as well. The court below disagreed, but we think that Merry is right, and for this reason, we reverse the denial of his second motion to set aside the judgment.

In Georgia, a "judgment rendered against two or more joint tortfeasors is single and indivisible," *Southeastern Truck Lines, Inc. v. Rann*, 214 Ga. 813, 817 (108 SE2d 561) (1959), at least to the extent that the damages awarded therein are a joint liability of the defendants and are not apportioned among them.[7] When a court sets aside such a judgment as to some, but not all, of the defendants, the indivisible nature of the judgment sometimes requires that it also be set aside as to the other defendants. See *Georgia Kraft Co. v. Laborers' Intl. Union of North America*, 170 Ga. App. 581, 587 (5) (317 SE2d 602) (1984); *Carlson v. Holt*, 152 Ga. App. 95, 96 (2) (262 SE2d 508) (1979). One circumstance in which a judgment must be set aside as to all of the defendants, we have explained before, is

---

[7] Only a few jurisdictions still adhere to the rule of the indivisibility of judgments, but no one in this case argues that the rule is obsolete, so we accept that it remains a part of our law. Nevertheless, we note that, in 1987, the General Assembly enacted OCGA § 51-12-33, which originally allowed, but did not require, the trier of fact in certain cases to apportion its damages award "among the persons who are liable." In 2005, the General Assembly amended OCGA § 51-12-33, and the statute now requires the trier of fact in any case "against more than one person for injury to person or property" to "apportion its award of damages among the persons who are liable." When a trier of fact so apportions its award of damages, the damages apportioned to a particular defendant are his liability alone and "shall not be a joint liability among the persons liable." OCGA § 51-12-33 (b). Most of our precedents on the indivisibility of judgments rule predate the 1987 enactment of OCGA § 51-12-33, and we doubt whether the rule has any application to a judgment against joint tortfeasors in which damages are apportioned. The judgment in this case, however, did not apportion damages among Merry and Crosby.

when fewer than all of the defendants are released from an indivisible judgment "for reasons other than on the merits, as shown by the evidence in the case, such as lack of venue [or] lack of service."[8] *Ammons v. Horton*, 128 Ga. App. 273, 275 (196 SE2d 318) (1973). See also *Knox v. Landers*, 160 Ga. App. 1, 2 (1) (285 SE2d 767) (1981); *Medlin v. Church*, 157 Ga. App. 876, 878 (2) (278 SE2d 747) (1981) (physical precedent only). In that circumstance, the liability of the defendants released from the judgment "for reasons other than on the merits" has not been extinguished, and they still may be held to account for the injury done to the plaintiff, whether in the court in which the original judgment was entered or in some other court. See *Ammons*, 128 Ga. App. at 279 ("[I]t would seem that the indivisibility of a judgment against joint tortfeasors occurs only when the alleged joint defendants remain liable or their liability is still in issue, or may be placed in issue by perfecting service upon them or their representatives in a proper jurisdiction.") (emphasis omitted).

Here, it appears that the court below set aside the judgment as to Crosby because he had filed a bankruptcy petition. When one files a bankruptcy petition, of course, it operates as a stay of, among other things, "the commencement or continuation . . . of [any] judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before [the bankruptcy filing]." 11 USC § 362 (a) (1). Put another way, the filing of a bankruptcy petition deprives a court, absent relief from the stay, of the power to enter a judgment against the debtor, but the mere filing of a bankruptcy petition does nothing to extinguish his liabilities, which are extinguished, if at all, only upon his discharge from bankruptcy. See *Farris v. NationsBanc Mtg. Corp.*, 268 Ga. 769 (493 SE2d 143) (1997) (case allowed to proceed in state court after bankruptcy court dismissed bankruptcy petition); *Schafer v. Wachovia Bank of Ga.*, 248 Ga. App. 466, 468 (1) (c) (546 SE2d 846) (2001) (same). The setting aside of the judgment in this case as to Crosby, then, was for "reasons other than on the merits," and there remains a possibility that his liability, if any, to Robinson might be put in issue.[9] Accordingly, we think the rule of the indivisibility of judgments applies in this case, and the court below should have set aside the judgment as to Merry as well. We, therefore, reverse the denial of the second

---

[8] There are some other circumstances in which the rule of the indivisibility of judgments applies, see *Ammons*, 128 Ga. App. at 275-276, but none of those other circumstances appear in this case.

[9] Unless and until Crosby is discharged, the possibility remains that Robinson might put his liability in issue upon the dismissal of his bankruptcy petition or upon securing relief from the stay from the bankruptcy court. Given that possibility, we cannot say that the liability of Crosby, if any, to Robinson has been forever extinguished.

motion to set aside the default judgment and remand for further proceedings consistent with this opinion.[10]

*Judgment affirmed in part and reversed in part. Barnes, P. J., concurs. Adams, J., concurs in the judgment and in Division 1.*

DECIDED NOVEMBER 29, 2011 —
RECONSIDERATION DENIED DECEMBER 15, 2011 —

*Bouhan, Williams & Levy, Walter C. Hartridge, Andrew H. Dekle, Hull Barrett, Patrick J. Rice, David E. Hudson*, for appellant.
*Weinstock & Scavo, Charles J. Bowen, Jr., The Geheren Firm, James R. Fletcher II, Law Office of Darrell T. Johnson, Jr., Mills L. Morrison, Jr.*, for appellees.

---

[10] Our holding in Division 2 renders it unnecessary for us to address the remaining claims of error that Merry asserts on appeal.