300 Ga. 568
FINAL COPY

S16A1517.  EVERSOLE v. EVERSOLE.

BENHAM, Justice.

This case involves a divorce proceeding.  In January 2015, Janice Denise Eversole ("Wife") filed a divorce action against Jay Wade Eversole ("Husband") seeking, among other things, an award of alimony, child custody, and child support. Wife alleged Husband had left the marital home in Georgia less than six months prior to the filing of the complaint and was living at a stated address in South Carolina.  With respect to personal jurisdiction over Husband for the award of alimony and child support, Wife alleged Husband was subject to the jurisdiction of the court pursuant to the Georgia Long Arm Statute, OCGA § 9-10-91 (5). When Wife was unable to perfect personal service on Husband, the trial court granted her motion for service by publication.  Husband failed to file a timely answer, and a hearing

in the matter was conducted on July 13, 2015, at which Husband failed to appear.[1]

After the hearing but before the trial court entered an order granting the divorce and other relief sought by Wife, Husband filed a late answer in which he admitted jurisdiction as pleaded in the complaint and admitted the marriage was irretrievably broken. He raised no objection to sufficiency of service. Husband denied other allegations of the complaint and sought custody of the parties' minor child, along with an award of child support, and sought alimony from Wife. Nevertheless, the trial court entered the final judgment and decree of divorce on August 21, 2015, which it dated nunc pro tunc to July 13, 2015, the date the hearing was conducted. In this order, the trial court awarded child custody to Wife, and also awarded, among other things, child support, alimony, and attorney fees and costs. Husband then filed a motion to set aside the judgment on two grounds: (1) that although he was served by publication he never received personal service or service by mail, and (2) that the trial court lacked personal jurisdiction because he was a

---

[1] Pursuant to OCGA § 9-11-40 (a), in a divorce case involving service by publication, the case is triable any time after 60 days from the date of the first publication of notice. Here, according to the clerk's certificate as to publication, the notice was first published on April 29, 2015, making the case triable on or after June 28, 2015.

resident of South Carolina. The trial court granted Husband's motion in part and set aside its award of alimony, child support, and attorney fees and costs because it found it lacked personal jurisdiction over Husband to make these awards. The trial court did not set aside the grant of divorce, the division of personal property located in Georgia, the award of real property located in Georgia, or the child custody award, since it concluded personal jurisdiction was not required for those decisions. Wife filed an application for discretionary appeal which this Court granted in an order directing the parties to address whether the trial court erred in concluding it did not have personal jurisdiction over Husband pursuant to OCGA § 9-10-91 (5).

1.   (a)  Wife asserts the trial court erred when it concluded it lacked personal jurisdiction over Husband for purposes of awarding alimony, child support, and attorney fees and costs. Personal jurisdiction over certain nonresidents for proceedings involving these issues is granted by Georgia's Long Arm Statute, OCGA § 9-10-91 (5). In the final judgment and decree, the trial court concluded from the evidence that Husband was subject to long arm jurisdiction in this matter. Husband's motion to set aside, and the hearing conducted on the motion, focused on whether Wife had properly satisfied the requirements of service by publication so as to confer

3

jurisdiction over Husband. Yet, the order granting Husband's motion to set aside erroneously concludes that service by publication, even if perfected, would not confer personal jurisdiction over Husband in this case because he was not a Georgia resident. This holding ignores the express provisions of subsection (5) of the Long Arm Statute (which, as noted, the trial court appeared to recognize in the final judgment and decree) that a court of this state may exercise personal jurisdiction over any nonresident, in the same manner as if he were a resident of the state,

> [w]ith respect to proceedings for divorce, separate maintenance, annulment, or other domestic relations action or with respect to an independent action for support of dependents, [if he] maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. . . .

OCGA § 9-10-91 (5). See also OCGA § 9-11-4 (f) (1) (A) (authorizing service by publication on persons residing outside Georgia, including in divorce actions). It is undisputed that Husband met these requirements by residing in Georgia prior to the commencement of the action. Accordingly, the trial court erred by disregarding the Long Arm Statute and ruling that service by publication would not confer jurisdiction over Husband in this case.

4

(b)  With respect to service of process, it is also undisputed that, despite Wife's diligent efforts, Husband was never personally served.  Husband asserts he was not properly served even by publication, since he never received a mailed copy of the publication notice and other service papers from the clerk of the trial court.  While significant undisputed evidence exists that Husband had actual notice of the pendency of the complaint and what was at issue in the proceeding, the most important fact is that Husband waived his objection to insufficiency of service.

Husband made an appearance in the case when he filed his untimely answer in which he not only failed to raise an objection to personal jurisdiction or service of process, he actually admitted personal jurisdiction and sought relief in his favor in the divorce proceeding.  In its order granting Husband's motion to set aside, the trial court disregarded this admission and held that Husband did not submit to the jurisdiction of the court by filing an answer after the date to which the final order was back-dated.  The trial court concluded that the nunc pro tunc order completed the record as of the date to which it related back.  While a back-dated order may be used in a divorce action to perfect the record to reflect accurately the date the order became

5

final and effective as between the parties,[2] the entry of such an order does not require or even permit a court to ignore admissions or waivers, at least jurisdictional ones, made in a pleading filed by a party to the action prior to the actual date the final order was executed. This is because insufficiency of process is a defense that must be asserted in a party's first responsive pleading or a motion made at or before the time the responsive pleading is filed. See OCGA § 9-11-12 (b) (4). Even if untimely, an answer that admits jurisdiction and waives sufficiency of service of process serves to waive these defenses. See *Merry v. Robinson*, 313 Ga. App. 321 (1) (721 SE2d 567) (2011). In *Merry*, as here, the answer that failed to raise a defense set forth in OCGA § 9-11-12 (b) was filed after the filing deadline but prior to the date the judgment was entered. Likewise, in this case final judgment had not been executed or entered at the time Husband filed his responsive pleading, even though the judgment was later executed and back-dated. The trial court erred in granting, in part, Husband's motion to set aside because he was bound by his admission of jurisdiction and waiver of the defense of insufficiency of service.

---

[2] See *Maples v. Maples*, 289 Ga. 560, 562 (2) (713 SE2d 865) (2011).

6

2.    Because we reverse in part the order granting Husband's motion to set aside the divorce judgment, Wife's remaining enumerations of error are moot and need not be addressed.

Judgment affirmed in part and reversed in part. All the Justices concur.

Decided February 27, 2017.

Domestic relations. Coffee Superior Court. Before Judge DeVane.

William A. King, for appellant.

Clint L. Lott IV, for appellee.