**October 6, 2022**

# In the Court of Appeals of Georgia

A22A0763. FEDERAL EXPRESS CORPORATION et al. v. DENNEY.

MCFADDEN, Presiding Judge.

This appeal challenges an order that set aside an unapportioned default judgment as to one defendant for insufficient service of process, but left that judgment intact as to the remaining two defendants. Because the judgment is unapportioned and that judgment has been set aside as to one defendant for a reason not on the merits, the indivisible judgment rule applies. Because that rule applies, the judgment should have been set aside as to all three defendants. So we reverse.

1. *Facts and procedural posture.*

The case arises out of a motor vehicle collision. Jarrod Denney brought this personal injury action against Enrique Jimenez, Federal Express Corporation, and

One Bonehead Trucking, Inc. The complaint alleged that Jimenez's negligence caused the collision, that Jimenez was an employee and/or agent of both Federal Express and One Bonehead, that he was acting in the course and scope of his employment and/or agency at the time of the collision, and that Federal Express and One Bonehead were vicariously liable under the doctrine of respondeat superior.

Several months after filing the complaint, Denney moved for entry of default judgment, claiming that each of the defendants had been properly served but had failed to answer the complaint. After a hearing at which the defendants were not present, the trial court granted the motion and entered default judgment against all three defendants in the amount of $9,876,605. The judgment is unapportioned.

The defendants filed a motion to set aside the default judgment, to open the default, or for a new trial. After a hearing on the defense motions, the trial judge found insufficient the purported service of process on One Bonehead. So he entered an order which granted the motion to set aside the default judgment against One Bonehead only.

Federal Express and Jimenez raised the indivisible judgment rule. Under that rule they argued, the judgments should be set aside as to them as well. The trial court rejected that argument. Federal Express and Jimenez appeal.

2. *Indivisible judgment rule.*

Under the indivisible judgment rule:

> In Georgia, a judgment rendered against two or more joint tortfeasors is single and indivisible, at least to the extent that the damages awarded therein are a joint liability of the defendants and are not apportioned among them. When a court sets aside such a judgment as to some, but not all, of the defendants, the indivisible nature of the judgment sometimes requires that it also be set aside as to the other defendants. One circumstance in which a judgment must be set aside as to all of the defendants, we have explained before, is when fewer than all of the defendants are released from an indivisible judgment for reasons other than on the merits, as shown by the evidence in the case, such as lack of venue or lack of service. In that circumstance, the liability of the defendants released from the judgment for reasons other than on the merits has not been extinguished, and they still may be held to account for the injury done to the plaintiff, whether in the court in which the original judgment was entered or in some other court.

*Merry v. Robinson*, 313 Ga. App. 321, 324-325 (2) (721 SE2d 567) (2011) (citations and punctuation omitted) (physical precedent only). See also *Ammons v. Horton*, 128 Ga. App. 273, 275 (196 SE2d 318) (1973) (indivisible judgment rule is applicable where some of the defendants, against whom a judgment has been rendered, are released therefrom for reasons other than on the merits, such as lack of service). This is a case in which fewer than all of the defendants were released from an indivisible judgment for reasons other than on the merits.

3

The single judgment rendered against all three defendants here was joint and indivisible, with no apportionment of damages among them. See *Merry*, supra at 324 (2) n. 7 (indivisible default judgment did not apportion damages among the defendants); *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248, 253 (2) (461 SE2d 877) (1995) (joint judgments against defendants were indivisible), affirmed in part and reversed in part on other grounds in *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996).

And as recounted above, the trial court set aside the judgment as to One Bonehead due to insufficient service of process. So the setting aside of the judgment as to One Bonehead "was for [a] reason[] other than on the merits, and there remains a possibility that [its] liability, if any, to [Denney] might be put in issue." *Merry*, supra at 325 (2) (footnote and punctuation omitted).

Consequently, "the rule of the indivisibility of judgments applies in this case, and the court below should have set aside the judgment as to [Federal Express and Jimenez] as well." Id. See also *Knox v. Landers*, 160 Ga. App. 1, 2 (1) (285 SE2d 767) (1981) (trial court erred in denying motion to set aside default judgment against one defendant after release of his co-defendant where "[t]he reason for the release of

4

[the co-defendant] from [the] judgment was due to lack of service and therefore, the indivisibility of judgment rule [was] applicable").

In ruling otherwise, the trial court cited two faulty grounds for finding that the indivisible judgment rule did not apply. First, the trial court asserted that One Bonehead's liability could not still be put in issue because the statute of limitation has run. But One Bonehead did not assert a statute of limitation defense, and "a trial court lacks authority to assert on behalf of a party affirmative defenses that can be waived." *Spann v. Davis*, 312 Ga. 843, 847 (1) (866 SE2d 371) (2021) (citation and punctuation omitted). "The bar of the statute of limitation is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases." *Focus Healthcare Med. Center v. O'Neal*, 253 Ga. App. 298, 299 (a) (558 SE2d 818) (2002) (citation omitted). And if a defendant opts to waive a statute of limitation defense, it may "result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period." Id. (citation omitted). See also *Hedquist v. Merrill Lynch, Pierce, Fenner & Smit,*, 272 Ga. 209, 213 (3) (528 SE2d 508) (2000) ("until such time as the trial court rules on an asserted affirmative defense, the action is voidable, not void").

5

Here, the trial "court's consideration of an affirmative defense that . . . had not [been] raised was error. Accordingly, the court's [sua sponte assertion of that defense as an] alternative rationale for denying [the motion to set aside] also fails." *Nacoochee Corp. v. Suwanee Investment Partners*, 275 Ga. App. 444, 447 (2) (620 SE2d 641) (2005). While One Bonehead might, at some point, be able to assert a viable statute of limitation defense, at this point "we cannot say that the liability of [One Bonehead], if any, to [Denney] has been forever extinguished." *Merry*, supra at 325 (2) n. 9.

The trial court's second faulty ground for finding the indivisible judgment rule inapplicable was its application of a supposed rule of law that the "indivisible judgment rule was only intended to apply to cases where liability is subject to apportionment." Applying that supposed rule,[1] the trial court reasoned that the rule

---

[1]As detailed below, that supposed rule is not in fact the law. So, of course, we do not undertake to discuss whether the trial court correctly applied it. But we do expressly pretermit the question whether liability for damages could be apportioned in a vicarious liability case such as this. See *FDIC v. Loudermilk*, 305 Ga. 558, 575 (2) and at n. 20 (826 SE2d 116) (2019) (explaining that OCGA § 51-12-33, Georgia's "apportionment statute[,] applies when an action is brought against more than one person and fault is divisible," and noting that "there may exist . . . legal theories that preclude division of fault as a matter of law — perhaps, for instance, vicarious liability or other agency-based or derivative theories of liability").

6

did not apply in this case because "liability cannot be legally apportioned due to a finding of vicarious liability."

But that supposed rule is not the law. In support of it, the trial court relied on footnote number 7 of *Merry*, supra at 324 (2). But footnote 7 doesn't say that. There is nothing in that footnote, or elsewhere in the *Merry* opinion, that states that the indivisible judgment rule only applies to cases where liability is subject to apportionment. On the contrary, that footnote, expressed doubt as to whether the rule applies to a judgment "in which damages *are apportioned*." Id. at 324 (2) n. 7 (emphasis supplied).

Moreover, *Merry* goes on to find that the indivisible judgment rule did apply to the default judgment in that case, which — like the default judgment in this case — did not apportion damages between the defendants. So the trial court's legal premise for refusing to apply the rule in the instant case was erroneous.

On the contrary, a judgment rendered against two or more joint tortfeasors that is single and indivisible must stand or fall in toto, and these "same principles apply to a master and servant when sued jointly in an action based solely on the negligence of the servant (as in the case here), as would apply in cases of joint liability against joint tortfeasors; and the verdict and judgment must be valid against both or it is valid

7

against neither." *Southeastern Truck Lines v. Rann*, 214 Ga. 813, 817 (108 SE2d 561) (1959). See also *Medlin v. Church*, 157 Ga. App. 876, 878 (2) (278 SE2d 747) (1981) (applying indivisible judgment rule to reverse judgment against both defendants in vicarious liability case where service was not perfected upon one defendant).

Finally, we address appellee Denney's reliance, in support of his contention that the indivisible judgment rule does not apply here, on language in cases such as *Martin v. Six Flags Over Ga. II*, 301 Ga. 323 (801 SE2d 24) (2017) and *Fred Chenoweth Equipment Co. v. Oculus Corp.*, 254 Ga. 321 (328 SE2d 539) (1985). Those cases are not controlling because they did not involve the indivisible judgment rule or its application where one defendant is dismissed for a reason not on the merits, such as lack of service.

Because the indivisible judgment rule applies in this case, the trial court, after setting aside the indivisible judgment as to One Bonehead based on insufficient service, erred in not also setting aside the judgment as to Federal Express and Jimenez. "Accordingly, . . . the order denying the motion of both [those] defendants to set the judgment aside must be [r]eversed." *Southeastern Truck Lines*, supra at 818 (punctuation and emphasis omitted). See also *Uniroyal Goodrich Tire Co*, supra ("since the judgments were joint as against [the] defendants in each case, including

those defendants not served, the judgments are indivisible and must [also] be reversed as to [the] co-defendants in each case").

3. *Other enumerations of error.*

Because of our holding above in Division 2, we need not address the remaining enumerations of error.

*Judgment reversed. Dillard, P. J., and Mercier, J., concur.*